No. 45.—THE LESSEE OF GITTENS and others, plaintiffs in error, *vs.* AMOS LOWRY, tenant, &c., defendant in error.

[1.] A deed may be good to convey a color of title, although not good to convey title.

[2.] "Peaceable possession", in the fourth section of the Dormant Judgment Act of 1822, means possession, of which there has not been an actual ouster.

[3.] The purchaser, under a judgment, of property assigned after the judgment by the defendant in judgment, gets not only such title as that defendant may, at the time of purchase, still have in the property, but he also gets all such title as the assignee from that defendant, may have acquired from that defendant, unless the assignee is a purchaser from the defendant, for a valuable consideration, and without actual notice of the judgment, and has been in the peaceable possession of the property, if land, for seven years next, before the levy under which the purchaser purchases.

Ejectment, in Cobb Superior Court. Tried before Judge HILL, October Term, 1853.

This was an action, on the demise of Sam'l Gittens and Thomas Byrne, against Amos Lowry, for a lot of land. On the trial, it appeared that the land was granted to Gittens; that, on the 28th May, 1838, a *fi. fa.* from a Justices' Court, issued against Samuel Gideon. On 27th March, 1847, this *fi. fa.* was levied upon this lot of land, and Thomas Byrne became the purchaser, at Sheriff's sale. The suit was commenced in 1849. The defendant relied upon the Statute of Limitations. On the trial, it appeared, that in 1833, Gideon

The Lessee of Gittens and others *vs.* Lowry, tenant, &c.

made a power of attorney, to one Samuel B. McLour, authorizing him to sell the land. In November, 1838, McLour sold the land to one Booker Roberts, and from him, a chain of title was made, to the tenant in possession. The proof was, that in 1839, one Akins went upon the land, deadened some trees, and built a pen, and then went out. From 1842 or 1843, (the witness could not state positively,) continuous possession was proved.

Plaintiffs' counsel offered in evidence, an execution against Gideon, on which there was a levy, on Sept. 1st, 1845, on this tract of land, for the purpose of showing that the possession was not peaceable. The Court rejected the evidence, and counsel for plaintiffs excepted.

The Court charged the Jury, that the plaintiffs' counsel insisted, " that, as the judgment under which Byrne purchased, was older than defendant's title, it had a lien upon the land, which was not extinguished by the Statute bar, of the title of Gideon, the defendant in *fi. fa.*; and that unless the Statute had run against Byrne's title, since his purchase, he was entitled to recover"; but that such was not the law—that the Sheriff sold all the defendant's title, and if the defendant in *fi. fa.* could not, himself, have recovered the land, the purchaser was also barred—he, relying upon his deed, as purchaser, and not on his *fi. fa.* as creditor.

To this charge, plaintiffs' counsel excepted.

On these exceptions error has been assigned.

McDONALD, for plaintiffs in error.

HANSELL, represented by AKIN, for defendant.

*By the Court.*—BENNING, J., delivering the opinion.

The defence was, title acquired by the Statute of Limitations. Seven years possession adverse, and so forth, in the

defendant, (or those under whom he claims,) and *with color* of title, makes out this defence.

Color of title " may be defined to be a *writing*, upon its face, *professing* to pass title, but which does not do it, either from a want of title in the person making it, or from the defective conveyance that is used—a title that is imperfect, but not so obviously so, that it would be apparent to one not skilled in the law". *Beverly and another vs. Burke,* (9 *Ga. R.* 443.)

The deed from McLour to Roberts, was made by McLour, not as agent for *Gittens or Gideon,* but as principal. As the deed stands, unexplained, it is to be taken to be the proper deed of McLour, although it has upon its face, marks which tend to show, that McLour, in executing it, acted as the agent of some person, whose name is not mentioned.

The tenant traced his title back to this deed. This deed, therefore, though not the deed of one having title, and, there-fore, not a sufficient deed to convey title, was sufficient to convey a color of title.

[1.] The Court below, therefore, did not err in letting this deed go as evidence to the Jury.

The fourth section of the Dormant Judgment Act of 1822, has within it this proviso : "provided, such purchaser, or those claiming under him by such sale and conveyance, have been in *peaceable* possession of such real estate for seven years, and of such personal estate, four years before the levy shall have been made thereon".

The execution in favor of Stewart, against Gideon, was levied on the land in 1845. The plaintiff insisted, that this levy showed that the tenant, or those under whom he claimed, had not been in the *peaceable* possession of the land for seven years, before the levy under which Byrne bought ; and, therefore, he claimed that this *fi. fa.,* with its entries, should be sent as evidence before the Jury.

The Court below refused to allow this ; and that was excepted to by the plaintiff. Was the Court right ?

[2.] We think so. The words 'peaceable possession', in this proviso, must have a meaning very similar to, if not the

same, with the words "quiet enjoyment", in a covenant for quiet enjoyment. And, to constitute a breach of a covenant, for quiet enjoyment, there must be an actual ouster. (2 *Green. Ev. sec.* 243. 3 *Saund. R.* 181, 6, *note* 10.) The levy of the *fi. fa.* in favor of Stewart, did not amount to an actual ouster of the tenant.

[3.] The whole of the fourth section of the Dormant Judgment Act of 1822, is in these words: "no judgment shall be enforced, by the sale of any real or personal estate which the defendant may have sold and conveyed to a purchaser, for a valuable consideration, and without actual notice of such judgment: *Provided*, such purchaser, or those claiming under him by such sale or conveyance, have been in peaceable possession of such real estate for seven years, and of such personal estate, four years before the levy shall have been made thereon".

According to these words, the lands of a judgment debtor, after he has sold and conveyed them, for a valuable consideration, to a person who has no actual notice of the judgment, remain subject to the levy under the judgment, until the expiration of seven years of peaceable possession of such land, in such person, or those claiming under him, but no longer. In other words, the creditor is allowed seven years within which to proceed against land which, at the date of the judgment, was his debtor's, after such land may have come into the hands of an innocent purchaser, from that debtor. At any time before the expiration of the seven years, the land, in the hands of the innocent purchaser, is just as subject to the judgment, as it would have been, had it remained in the hands of the judgment debtor himself. But, although thus subject to the judgment, it is not subject to any claim of the judgment *debtor*. The title made by him to the purchaser from him, is good as against him, although not good as against the judgment creditor of him. *He* cannot, therefore, in any event, recover the land from the purchaser.

This being the meaning of the section, it follows, that if, in any case contemplated by the section, the judgment creditor, at any time within the seven years, levies upon the land in the

hands of the innocent purchaser, and sells it under his judgment, the purchaser under the judgment, gets not only all the title of the debtor—the defendant in the judgment—but he gets all the title of the innocent *purchaser* from that debtor.— He gets just such title as he would have got, had the judgment debtor never sold the land at all, but had kept it himself. He buys not what the judgment debtor *then, at the time of the Sheriff's sale, has in the land,* but what that debtor had in it before, at the time, viz: when the judgment lien attached upon ·it.

This being so, the Court below erred, in charging the Jury: "that the Sheriff sold all the defendant's title; and that it was the opinion of the Court, if the defendant in execution could not, himself, have recovered the land, in an action of ejectment, at the time of the levy and sale, the purchaser of his title, at Sheriff's sale, could not recover it".

The charge should have been, that the Sheriff sold, and the purchaser, at Sheriff's sale, purchased not only all the title which the judgment defendant *then,* (at the time of the Sheriff's sale,) had in the land, but all the title which he had in it, at or after the time when the judgment lien attached upon it, unless such defendant had sold the land for a valuable consideration, to one who purchased without actual notice of the judgment; and unless such purchaser, or those claiming under him, had been in the peaceable possession of the land for seven years next, before the levy; and, consequently, that the title acquired by the purchaser, at the Sheriff's sale, would be good, not only against the judgment defendant himself, but also against the purchaser from him, unless such purchaser were a purchaser for a valuable consideration, and without actual notice of such judgment, and unless he had also been in the peaceable possession of such land, for seven years next before the levy. This should have been the charge.

How long would the title, thus acquired by the purchaser, at Sheriff's sale, if asserted, remain good against the innocent purchaser, from the defendant in judgment? Certainly, at least as long as the judgment lien, supposing it to have staid passive,

would have remained good. The purchaser at Sheriff's sale, most undoubtedly, with respect to this Statute of Limitations, acquires as good a position as that which the judgment creditor had, with respect to it. This seems to be almost self-evident. But, whether the purchaser does not occupy a *better* position than that of the creditor, is not self-evident. What is the exact position which the purchaser occupies, is a question on which the Court, when it gave judgment in this case, doubted. And, therefore, its judgment was very special. The judgment went as far as the certainty of the Court went, and no further. It was, that if the judgment creditor, by virtue of his lien, had a right to sell the land, the purchaser under the judgment, had a right to recover it; and that the creditor did have a right to sell the land, if the purchaser from the defendant in judgment, was not a purchaser for a valuable consideration, and without actual notice of the judgment, unless such purchaser, or those claiming under him, had been in the peaceable possession of the land for seven years before the levy of the *fi. fa.* from the judgment; and that this right of the purchaser, under the judgment, to sue for the land, endured as long as the right of the creditor to levy on the land, would have endured, had he not levied at all, but had allowed his judgment merely to remain passive.

But as to myself, I must say, that in delivering the judgment of the Court, I stated my opinion to be, that under the Statute, the purchaser at Sheriff's sale, steps, as it were, into the place of the judgment creditor—that he takes a position in which he will be barred of his right to recover the property, at that point of time at which the creditor's judgment lien—his right to sell—would, if it had remained passive, have been barred. For illustration, my idea was, that if, at the time of levy, the creditor's lien lacks three years of being barred, then, the purchaser's right of suit would lack three years of being barred, and no more.

And now, I must also say, that in this opinion, I am satisfied that I was wrong. After considerable study, my present opinion is, that the purchaser under a judgment, gets, as against

the assignees of the defendant in judgment, who cannot bring themselves within the operation of this Act of 1822, just that sort of title which he would have got, had no such Act ever existed. I think this Act of 1822, comes as an exception to a general rule—the rule that a judgment continues to bind all of the defendant's property, no odds into whose hands that property passes, as long as the judgment continues open. If so, those who would relieve themselves from the general rule, must bring themselves within the exception. This they can do in but one way—by showing themselves to be purchasers for a valuable consideration, from the defendant in judgment, and to be purchasers, without actual notice of the judgment, and to have been in the peaceable possession of the property purchased, if land, for seven years before the levy of the *fi. fa.* from the judgment. Failing to show all this, they take nothing by the Act of 1822; and their case must be decided according to the law as it stands, with that Act left out of it.

The result is, that if I am this time right, the purchaser under the judgment occupies, in relation to the assignees of the defendant in judgment, a *better* position than that which the judgment creditor occupied at the time of his levy. At the time of the levy, the case may be such, that the lien of the judgment—the right to levy—may be within a day of being barred by the Statute of 1822. At the time of the purchase, by the purchaser, under the judgment, the *fi. fa.* of which is thus lately levied, the purchaser is *not* within a day of being barred of his right to sue for the property purchased by him. The question as to when he will be barred, is not affected by the Act of 1822; but is to be determined by law, of which that Act makes no part.

This disposes of the other two assignments of error, which were, that the Court erred, in charging the Jury, that the Sheriff sold all the defendant's title, and that the plaintiff relied on his deed as purchaser, and not on his *fi. fa.* as creditor.— These charges are both understood to mean the same thing, viz: that the purchaser at the Sheriff's sale, only purchased such

title as the defendant in *fi. fa. then* had. That in this, the Court below was wrong, we have endeavored to show.

We think, therefore, there should be a new trial.