ROBINSON v. COOPER and Others.

VENDOR'S LIEN. *Waiver of.*

A vendor's lien is waived by taking the notes of a third person endorsed to him by the vendee.

McKINNEY, J., delivered the opinion of the Court:

We concur in opinion with the Chancellor, that no lien exists in favor of the complainant, as vendor of the land in question. It appears that on the 21st of February, 1857, the complainant sold and conveyed to the defendant Wood, a tract of land lying in Rutherford county, of 114 acres, at the price of $1800 00 ; and in satisfaction thereof, Wood indorsed to him two promissory notes, made by third persons, waiving demand and notice. Afterwards, namely, on the 4th of July 1859, Wood conveyed said tract of land to the defendant Cooper, to indemnify him against certain liabilities as the surety of Wood. The bill contains

charges of fraud, and other grounds of relief, which we think are not tenable. The only question necessary to be determined is, whether a lien can be asserted by the complainant, to enforce payment of part of the purchase money which still remains unpaid.

It is well settled, that the vendor's acceptance of the note, obligation, or other evidence of debt, involving alone the personal responsibility of the purchaser, will not, of itself, be regarded as a waiver of the lien; unless there be accompanying circumstances showing an intention to abandon the lien; or which would make it inequitable to insist upon it, either as against the purchaser or third person. And, on the other hand, it is equally well settled, that the acceptance of any distinct, independent security, by the vendor, for the purchase money, will amount to a waiver of the lien; unless there be satisfactory evidence of an agreement, express or implied, not to rely exclusively on the security so taken, but to retain the implied lien. And the cases are numerous that the acceptance of the note or obligation of the purchaser with security, or a third person, indorsed by the purchaser, will be a waiver unless the presumption be repelled. § 2 Meigs' Digest pp. 920, 921. 1 Leading Cases 243, 244.

There is no evidence in the record of an intention to retain the lien; and it must be held to have been waived. This point is decisive of the case, without noticing another ground upon which the complainant would propably be repelled.

*Decree Affirmed.*

Eldridge v. McClure, 2 Yerg. 84, 88; Campbell v. Baldwin, 2 Humph. 248, 258; High v. Batle, 10 Yerg. 335, 336; White v. Dougherty, Mart. & Yerg. 309, 323; Marshall v. Christmas, 3 Humph. 616, 617; Brown v. Gilman, 4 Wheaton, 255, 290,