53 575
63 119

<br>

## SAMUEL T. HENDRICKS v. FREDERICK RASSON.

*Adverse possession—Delivery of deed.*

1. A husband cannot hold adversely to his wife premises of which they are in joint occupancy as a family.

2. The record of a deed is not conclusive proof of its delivery.

Error to Wayne. (Chambers, J.) April 24.—April 30.

EJECTMENT. Plaintiff brings error. Affirmed.

*Jno. Atkinson* and *Isaac Marston* for appellant.

*Henry M. Cheever* for appellee. Actual possession by a grantee is not necessary to title: *Thatcher v. St. Andrews Church* 37 Mich. 264; the grantor's act in recording and again receiving the deed after record could be shown, and in the absence of evidence that the deed was never acted upon by both parties, was strong evidence of an intention not to deliver: *Jackson v. Cleveland* 15 Mich. 94; a grantor's retention of a deed until his death, was held not inconsistent with its validity, if he intended it to be effectual: *Ellis v. Secor* 31 Mich. 189; unconditional deposit of a deed with a third person for delivery to the grantee is sufficient delivery, if received and acted upon by the grantee: *Hosley v. Holmes* 27 Mich. 417; *Latham v. Udell* 38 Mich. 238; and though a deed thus deposited be wrongfully delivered before the happening of the contingency upon which it was to be delivered, it takes effect as a delivery, when such contingency occurs: *Wallace v. Harris* 32 Mich. 380; the date of delivery may be proved by parol, and to determine this, the question as to when the minds of the parties met in considering the instrument complete, is admissible: *Cook v. Knowles* 38 Mich. 316; *McCullough v. Day* 45 Mich. 554.

CAMPBELL, J. Plaintiff brought ejectment for certain lands in Wayne county, and [defendant] prevailed. Both parties claimed under a title granted by the United States to Richard Sutliff. Plaintiff claimed under Minerva Sutliff, to whom, it was insisted, Richard deeded in 1857. Defendant claimed under a deed from Richard Sutliff to Burritt Sutliff in 1858.

There was an issue presented to the jury allowing them to pass upon an adverse possession in Burritt and those in his line of title. But we find no foundation for any theory that could possibly make out any such claim, except by eking out his period of possession by making his father, Richard Sutliff, an adverse holder against his wife, Minerva, during their married life and family occupancy. This is not within any rule.

The only question which was open for serious controversy was whether the deed to Minerva was ever operative. If it

was, then plaintiff made out a good case.  If not, then the judgment for defendant was right.

It appeared that Richard made and recorded the deed to his wife.  But it further appeared that he got it back when recorded; and there was evidence tending to show that he retained it and never delivered it, and that she never knew of it during his life-time, and denied claiming any interest in it.  There were facts enough on both sides to have the question laid before the jury, unless the mere fact of recording is conclusive, which there is no rule of law to maintain.  The jury found it was never delivered.  This being so, the finding is conclusive, unless there were errors in receiving testimony, and we see nothing of that sort in the case which could have affected this question.

The judgment must be affirmed.

The other Justices concurred.