## CARPENTER *v.* BOOKER, administratrix.

1. A sale of land by a wife to her husband, without being allowed by order of the superior court of her domicile, is invalid.
2. A husband can not hold, adversely to his wife, premises of which they are in joint occupancy as a family, so as to prescribe against the wife under a deed of bargain and sale from her.

Argued July 23,—Decided November 18, 1908.

Equitable petition. Before Judge Littlejohn. Lee superior court. August 15, 1907.

*Allen Fort & Son,* for plaintiff.

*G. W. Warwick* and *Lane, Maynard & Hooper,* for defendant.

EVANS, P. J. This is an equitable petition to cancel a deed as a cloud on the plaintiff's title, and for relief incidental thereto. The plaintiff and the defendant claimed the land under deeds from a common grantor, Mrs. Alma Carpenter. The plaintiff was

the husband, and the defendant the mother of Mrs. Carpenter. The deed from Mrs. Carpenter to the plaintiff was dated April 8, 1890, and recited a consideration of $2,200, and was not approved by the superior court of the county of Mrs. Carpenter's domicile. The deed from Mrs. Carpenter to the defendant was dated February 11, 1895, and recited a consideration of $3,200. The prayer of the petition was to cancel the deed from Mrs. Carpenter to the defendant, on the ground that the grantor was non compos mentis at the time of its execution. The jury returned a verdict for the defendant, and the plaintiff moved for a new trial, which being refused, he brings error.

The first step in the plaintiff's case was to prove title to the land. The essence of this suit was to remove a cloud on his title; and if he has no title to the land, he can not prevail. The plaintiff testified that he paid his wife the consideration recited in her deed to him, and it was admitted that the sale was without an order of the superior court of the county of the wife's domicile. A sale made by a married woman to her husband, without being allowed by the order of the superior court of the wife's domicile, is invalid. Civil Code, § 2490; *Fulgham* v. *Pate*, 77 *Ga.* 459. The plaintiff's deed was therefore void as title. He contended, however, that he had been in adverse possession of the land under this void deed for more than seven years, and that he had a good prescriptive title. A defective or void deed will serve as color of title, and entry and possession thereunder in good faith will ordinarily be adverse. *Fain* v. *Garthright*, 5 *Ga.* 14; *Moody* v. *Fleming*, 4 *Ga.* 115 (48 S. E. 210); *Gittens* v. *Lowry*, 15 *Ga.* 336. But is the general rule applicable to the case as presented by this record? During the interval between the execution of the two deeds the plaintiff and his wife resided on the land. Shortly after his wife made the deed to her mother, the latter gave the plaintiff written notice that she had purchased the land, and that he must quit the premises. He testified that he left the premises with the understanding that his wife was to rent the land in her own name, pay the taxes, and use the rents. Under the facts appearing in the record the plaintiff failed to show a prescriptive title, unless his possession of the land during the joint occupancy of himself and wife was adverse to the wife, so as to be the basis of a prescription predicated on the void deed from his wife. In recognition of

the influence which a husband usually exerts over his wife, the married woman's emancipation act (Civil Code, §2490) absolutely prohibited a wife from selling her land to her husband without the approval of the superior court of her domicile. The husband has the right to select the matrimonial domicile, and in the absence of sufficient cause to the contrary the wife is under legal duty to occupy the place of domicile chosen by him for family residence. If a husband should induce his wife to sell her land to him, and both should continue to live on the land for seven years, in such a case it would circumvent the statute to hold that the husband's possession would ripen into a prescriptive title. Where the law condemns her deed of bargain and sale to him, as void, his possession thereunder can not be adverse to her so long as both live on the land. A husband can not hold, adversely to his wife, premises of which they are in joint occupancy as a family. Hendricks v. Rasson, 53 Mich. 575 (19 N. W. 192). It would be contrary to public policy and inconsistent with the matrimonial obligations to require that a wife should expel her husband from her land which had been selected as the family residence, in order to prevent him from acquiring a prescriptive title by adverse possession. The plaintiff failed to make a case entitling him to the relief prayed; and it would be idle to inquire into the alleged erroneous charges concerning the law of prescription, and the admission of evidence offered by the defendant in support of her title.

*Judgment affirmed. All the Justices concur.*