### 1229.　ATLANTIC COAST LINE RAILROAD COMPANY *v.* WILLIAMS.

1. Though a wife's deed of conveyance to her husband, where she has made a sale of her land to him without an order of the superior court of the county of her domicile authorizing the sale, is void, still, on the trial of an action between the husband and a third person, in which the rights of the wife are not involved, such a deed may be admissible, either for the purpose of showing the extent of his constructive posses-

sion or to serve as color of title. A deed from a wife to her husband, though void, will serve as color of title; but the possession of the husband can not be adverse if the husband and wife are living together.

2. In the absence of a request for more specific instructions, the defendant's defense was sufficiently presented when the jury were told, that if they believed, from the evidence, either that the defendant's engine did not cause the fire or that the engine was furnished with a spark-arrester and other appliances for the purpose of preventing the escape of fire or sparks, of a good character and such as was in general use at the time by railroads, and that in spite of the use of such appliances, properly handled, fire escaped, the defendant would not be liable; joined with the instruction that the presumption of negligence, arising upon proof that the plaintiff's property was damaged, might be successfully rebutted by showing that the railroad company exercised ordinary and reasonable care and diligence in the equipment, maintenance, and operation of its machinery, and that if the jury found that such ordinary care was used, they should find for the defendant.

3. The evidence authorized the verdict, and there was no error in refusing a new trial.

Action for damages, from city court of Tifton—Judge Eve. May 16, 1908.

Argued July 17, 1908.—Decided February 16, 1909.

*George E. Simpson, Bennet & Branch,* for plaintiff in error.

*C. C. Hall,* contra.

RUSSELL, J. The suit was for damages alleged to have been sustained by reason of the fact that the defendant's engine set out a fire which destroyed some of the plaintiff's fencing, killed a large number of young growing pine trees, and seriously damaged several hundred trees which had been boxed for turpentine. On the trial of the case the jury rendered a verdict for $190 in favor of the plaintiff. If the lower court did not err in the admission of the testimony which was objected to, and in failing to present the defendant's affirmative defense to the jury, the evidence authorized the verdict, and there was no error in refusing a new trial. We will therefore consider only the two grounds of the motion for new trial which relate to the errors assigned upon the rulings of the court.

1. It is contended that the court erred in allowing in evidence a deed from Mrs. Catherine Williams to her husband, W. E. Williams, which was introduced for the purpose of proving the plaintiff's title to the land on which were the fencing and the trees. The objection urged to the deed was that it was incompe

tent because the plaintiff had failed to produce any order of the superior court of the county of the domicile of his wife, allowing her to make a deed to him. Even if it legally appears from the record that the grantor in this deed was the wife of the plaintiff, we do not think that the court erred in admitting the deed. Granting that the grantor was the plaintiff's wife, and that a sale of land by a wife to her husband, when not allowed by order of the superior court of her domicile, is invalid, it does not necessarily follow that the wife's deed to the husband is incompetent evidence in a proceeding such as the present case, to which the wife is not a party, and when she is not insisting upon its invalidity. As against the interest of the wife, her deed of conveyance to her husband, where she has made a sale of land to him without any order of the superior court authorizing the sale, is generally void. Civil Code, §2490; *Farmers & Traders Bank* v. *Eubanks, 2 Ga. App.* 843 (59 S. E. 193); *Hood* v. *Perry,* 75 *Ga.* 310; *Fulgham* v. *Pate,* 77 *Ga.* 455 (2); *Flannery* v. *Coleman,* 112 *Ga.* 650 (37 S. E. 878); *Webb* v. *Harris,* 124 *Ga.* 723 (53 S. E. 247). But a prescription may arise under such deed in favor of the husband, if the parties are not living together, or in case of the death of the wife. *Carpenter* v. *Booker,* 131 *Ga.* 546 (62 S. E. 983). Even if the deed from his wife is void, it may serve as color of title; and entry and possession thereunder in good faith will ordinarily be adverse. *Moody* v. *Fleming,* 4 *Ga.* 115 (48 Am. Dec. 210); *Fain* v. *Garthright,* 5 *Ga.* 14; *Gittens* v. *Lowry,* 15 *Ga.* 336; *Carpenter* v. *Booker,* supra. We think, therefore, that the deed was clearly admissible, for the purpose, first, of showing constructive possession of the fences, crops, turpentine, and timber alleged to have been destroyed; and secondly, to evidence a prescriptive title in the plaintiff, even if the grantor thereof was his wife, if he could prove (as he afterwards testified) that he had been in possession under the deed since February, 1896, which was more than seven years. Certainly, in the absence of any evidence that the grantor was the wife of the plaintiff, or, if she was, that the husband and wife lived together on the premises in question (in which case the ruling in *Carpenter* v. *Booker,* supra, *would* apply), the deed, though void, would serve as color of title, and entry and possession thereunder might be presumed to be in good faith.

2.  The record does not sustain the contention that the court failed to charge the jury the law applicable to the affirmative defense set up by the defendant, to wit, that the locomotive which was claimed by plaintiff to have caused the fire was operated with the best of known appliances for the arresting of sparks and the prevention of fire, that these appliances were in perfect condition at the date alleged, that the engine was properly operated, that the track at the point where the fire was claimed to have originated was such that it would not cause the engine to emit sparks unnecessarily, that all of the bushes had been cut off the right of way, and that the road-bed and the right of way were as clear as it was possible for them to be kept. We think that the following extract from the judge's charge upon this subject clearly shows that this insistence of the plaintiff in error is without merit: "Upon proof by plaintiff that his property has been damaged by the railroad company, the presumption arises that the company, through its agents and employees, has been guilty of negligence; that is, the proof of such facts will make out what the law designates as a prima facie case, and put upon the defendant the burden of showing that it has not been guilty of negligence causing the injury, that it has exercised ordinary and reasonable care and diligence in the equipment, maintenance, and operation of its machinery; if the defendant company should successfully carry the burden thus imposed upon it and you become satisfied from the evidence that the presumption has been overcome, and that the presumption no longer rests with the plaintiff, then you should bring in a verdict for the defendant, unless the plaintiff should further strengthen his case and establish his claims of damage by the preponderance of the evidence, as hereinbefore defined, showing negligence, resulting in damage, on the part of the defendant company. The law provides that a railroad company may, in cases of this character, defend by showing to your satisfaction that it has not been guilty of negligence in the selection of its engine or in the equipment, maintenance, or operation thereof. If you believe from the evidence in this case that the defendant's engine was furnished with a spark-arrester and other appliances for the purpose of preventing the escape of fire or sparks, of a good character, and such as was in general use at the time by railroads, and that such appliances were in good con-

dition and the defendant was not negligent in the operation of its engine and train, but that fire nevertheless escaped and fell upon the plaintiff's premises and set his woods, fields, and fences afire, you ought to find a verdict for the defendant. Of course, if you find that the fire which it was alleged was set out by the engine of the defendant company was not, as a matter of fact, so set out, but arose from another source, then it will be your duty to find a verdict for the defendant." We think that this instruction, by the repeated, separate statements of the conditions under which the jury should go no further but should find for the defendant, left no ground for complaint, except on the part of the plaintiff.

3. There was a variance in the evidence as to the value of the articles destroyed, but the finding can be based upon evidence offered by the defendant itself upon that point, and is supported by it.                                       *Judgment affirmed.*