## RIGELL et al. v. GASKINS.

HILL, J.   1. An equitable petition was not subject to general demurrer,
which set forth, in substance, the following:   In 1898 the plaintiff was
indebted to a single creditor in a sum which he was unable to pay.
Plaintiff's father-in-law and wife suggested that plaintiff execute to his
wife a deed of all of his real estate; and accordingly, on January 10,
1898, he entered into an oral agreement with his wife and father-in-
law (with the knowledge and consent of the creditor), whereby the
plaintiff should convey by deed all his real estate to his wife, to be held
by her until he became able to pay the indebtedness owing to the cred-
itor, at which time the wife and father-in-law were to reconvey the land
to the plaintiff.   On the date named the father-in-law "had a writing
drawn," which he represented to the plaintiff to be the agreement above
set forth.   The plaintiff, being illiterate and unable to read and write,
and reposing full confidence in the father-in-law, signed the deed by
"his mark," it not having been read over to him; and he did not and
could not detect that it did not contain the agreement to reconvey.   A short
time before the present suit was filed in August, 1911, he learned that
the deed he signed did not contain the agreed contract; and he imme-
diately took steps to correct the fraud perpetrated on him, and filed his
petition praying for a reformation of the deed, and that it be made to
speak the terms of the agreement, etc.   The wife and father-in-law
always recognized the rights of the plaintiff under their agreement until
shortly before the bringing of this suit, when they informed him that his
wife had a warranty deed to the land, and that it did not contain the
agreement to reconvey to him upon the payment of the debt to the
creditor.   During the year 1909, with the consent and agreement of the
plaintiff and his father-in-law, the plaintiff's wife sold the land partly
for cash, and notes were taken for the balance.   A part of the money
arising from the sale was invested in a house and lot in which the
plaintiff and his wife reside.   At the time of the sale it was agreed
between them that he should have the property or the proceeds therefrom

reconveyed to him; but both defendants, who have the cash and notes, refuse to convey to him the property or to deliver to him the cash and notes. He prays that the defendants be required to comply with the terms of the contract and to convey to him the title to the house and lot purchased with the proceeds of his land, and that they be required to deliver to him the money arising from the sale of the land and the notes given for the balance due thereon; and that they be restrained from checking out the money on deposit and from collecting the money on the notes, and for other relief.

(a) In such a suit it will not be held, as matter of law, that the plaintiff is so guilty of laches as not to entitle him to relief .in a court of equity and to have the deed reformed and have a reconveyance made in accordance with the prayers of the petition, where it does not appear that the rights of innocent or third parties are involved. *Carbine* v. *McCoy*, 85 *Ga.* 185 (11 S. E. 651); *Venable* v. *Burton*, 129 *Ga.* 537 (59 S. E. 253); *Carpenter* v. *Brooks*, 131 *Ga.* 546-547 (62 S. E. 983, 127 Am. St. R. 241); *Kelly* v. *Hamilton*, 135 *Ga.* 505 (69 S. E. 724).

2. Under the allegations of the petition the father-in-law of the plaintiff was a necessary party. The amendment to the petition did not set out a new cause of action, and was not subject to the demurrer filed against it.       *Judgment affirmed. All the Justices concur.*
      SEPTEMBER 18, 1914.

Equitable petition. Before Judge Thomas. Berrien superior court. August 13, 1913.

*E. K. Wilcox,* for plaintiffs in error.
*Knight, Chastain & Gaskins,* contra.