GOSS *et al. v.* BRANNON, administrator.

J. P. Brooke, for plaintiffs in error.   A. B. Tollison, contra.

BECK, P. J.   Mrs. Minnie M. Goss and others brought their equitable action against T. T. Brannon as administrator of James T. Brannon, to recover a certain tract of land.   The plaintiffs are heirs at law of Millie L. Brannon, wife of James T. Brannon, the latter being the intestate of the defendant administrator.   The defendant relied upon a prescriptive title based upon seven years possession under a deed to James T. Brannon, the intestate, from his wife.   Ethie L. Brannon, one of the plaintiffs, is the widow of Harley Brannon, the son of the intestate and his wife, Millie Brannon; and U. G. Brannon, the other plaintiff, is the son of Harley Brannon.   At the conclusion of the evidence the court directed a verdict for the defendant, and the plaintiffs excepted

■   Upon the trial the defendant introduced in evidence a warranty deed from Martha J. Fagan and Millie L. Brannon to James T. Brannon.   Martha Fagan was the mother of Millie L. Brannon and the widow of G. W. Fagan, a former owner of the land, who died leaving his wife and his daughter, Millie Fagan, afterwards Millie Brannon, as his only heirs.   G. W. Fagan died seized and possessed of the land in controversy.   It is admitted that Martha Fagan and her daughter, Millie, divided the land equally between them, by which division Millie became the owner of lot 529 and the west half of lot 561; that after that division Millie Brannon and her husband, James T. Brannon, went into possession of the land in controversy and occupied it and resided thereon until Mrs. Millie Brannon's death in August, 1899; and that James T. Brannon, defendant's intestate, continued to occupy the land in controversy until his death, November 26, 1925.   Mrs. Goss, one of the plaintiffs, testified in part as follows: "My father was in control of the place until he died.   I reckon he had a right to control it.   He stayed at it as his home.   He lived there because it was his and Ma's together while she was living.   I left my father in possession of it when I left there.   My brother left Pa in possession when he left there.   I never surrendered my claim to it to anybody; not that I know.   I don't know whether my brother Harley ever surrendered his claim to it."   The plaintiffs contend that the deed from Millie Brannon to her husband, James T.

Brannon, was void, because the grantor was the wife of the grantee in the deed. That the deed is void is unquestionable, as under our law the wife can not make a valid deed conveying land to her husband without an order of the superior court. But it does not follow from the fact that the deed was void that it could not be color of title. The contrary has been ruled by this court in more than one case. In *Carpenter* v. *Booker*, 131 *Ga.* 546 (62 S. E. 983, 127 Am. St. R. 241), it was said: "A sale made by a married woman to her husband, without being allowed by the order of the superior court of the wife's domicile, is invalid. Civil Code, § 2490; *Fulgham* v. *Pate,* 77 *Ga.* 459. The plaintiff's deed was therefore void as title. He contended, however, that he had been in adverse possession of the land under this void deed for more than seven years, and that he had a good prescriptive title. A defective or void deed will serve as color of title, and entry and possession thereunder in good faith will ordinarily be adverse. *Fain* v. *Garthright,* 5 *Ga.* 14; *Moody* v. *Fleming,* 4 *Ga.* 115 (48 Am. D. 210); *Gittens* v. *Lowry,* 15 *Ga.* 336." It is true that it was also ruled that the general rule was not applicable in that case under its facts, because the husband and the wife were occupying jointly and the husband's possession could not be adverse to the wife, the grantor; and where the law condemns a deed of bargain and sale as void, his possession thereunder "can not be adverse to her so long as both live on the land. A husband can not hold, adversely to his wife, premises of which they are in joint occupancy as a family." So, under this case, while prescription could not begin to ripen in favor of the husband so long as the wife lived, yet, when the wife died and the joint occupancy was terminated and the occupancy and possession was by the husband, then prescription did begin to ripen, if that possession met the requirements of the statute that it should be continuous, open, notorious, adverse, etc. The testimony of one of the plaintiffs showed that such was the occupancy of the defendant's intestate. The plaintiffs insist that the occupancy of James T. Brannon was that of a cotenant (the other cotenants being the son and daughter), and could not be adverse under the facts in the record. We can not agree to this contention. After the death of the wife of James T. Brannon he was the sole occupant of the land, under a deed from his wife, and his possession was referable to the deed under which he held; for

while he could not hold the land adversely to his wife during her life under the void deed which had been executed to him, when the wife died his possession became adverse to the world. *Carpenter* v. *Booker,* and *Fain* v. *Garthright,* supra. See also *Atlantic Coast Line R. Co.* v. *Williams,* 5 *Ga. App.* 647 (63 S. E. 671), where in the opinion by Judge Russell, now Chief Justice of this court, it was said: "As against the interest of the wife, her deed of conveyance to her husband, where she has made a sale of land to him without any order of the superior court authorizing the sale, is generally void. Civil Code, § 2490; *Farmers & Traders Bank* v. *Eubanks,* 2 *Ga. App.* 843 (59 S. E. 193); *Hood* v. *Perry,* 75 *Ga.* 310; *Fulgham* v. *Pate,* 77 *Ga.* 455 (2); *Flannery* v. *Coleman,* 112 *Ga.* 650 (37 S. E. 878); *Webb* v. *Harris,* 124 *Ga.* 723 (53 S. E. 247). But a prescription may arise under such deed in favor of the husband, if the parties are not living together, or in case of the death of the wife. *Carpenter* v. *Booker,* 131 *Ga.* 546 [supra]. Even if the deed from his wife is void, it may serve as color of title; and entry and possession thereunder in good faith will ordinarily be adverse. *Moody* v. *Fleming,* 4 *Ga.* 115 (48 Am. Dec. 210); *Fain* v. *Garthright,* 5 *Ga.* 14; *Gittens* v. *Lowry,* 15 *Ga.* 336; *Carpenter* v. *Booker,* supra. We think, therefore, that the deed was clearly admissible, for the purpose, first, of showing constructive possession of the fences, crops, turpentine, and timber alleged to have been destroyed; and secondly, to evidence a prescriptive title in the plaintiff, even if the grantor thereof was his wife, if he could prove (as he afterwards testified) that he had been in possession under the deed since February, 1896, which was more than seven years. Certainly, in the absence of any evidence that the grantor was the wife of the plaintiff, or, if she was, that the husband and wife lived together on the premises in question (in which case the ruling in *Carpenter* v. *Booker,* supra, *would* apply), the deed, though void, would serve as color of title, and entry and possession thereunder might be presumed to be in good faith." So here, in the absence of any evidence to show actual fraud on the part of the grantee. *Bond* v. *Sullivan,* 133 *Ga.* 160, 166 (65 S. E. 376, 134 Am. St. R. 199). And under these rulings the court did not err in admitting the deed in evidence to show color of title.

On the trial, when Mrs. Goss, one of the plaintiffs, was being examined as a witness in their behalf, this question was

502

propounded to her: "How come you to leave him there?" and her answer was, "Well, me and my brother allowed to let him alone as long as he lived, not to bother the place, just let him live on there, not tear him up and get him disturbed." Thereupon the court ruled: "If that was an agreement between her and her brother, it would not be admissible; if it was an agreement she had with the deceased, she is not competent to answer it. So I exclude it." Upon which ruling the plaintiffs assign error, and they insist "that the evidence excluded by the court did not show an agreement between the witness and her brother, nor did it tend to show an agreement between the witness and her father, and should not have been excluded for the reason assigned by the court." No hurtful error as against the plaintiffs is shown in this ruling. The court might well have inferred from the language of the witness that she had reference to some understanding between herself and her brother; and the court plainly indicated to counsel that this was his impression, and counsel could easily have informed the court that it was not their intention to show an agreement between the brother and sister.

■ Under the pleadings and the facts in the case the court properly directed a verdict for the defendant.

*Judgment affirmed. All the Justices concur.*

GILBERT, J., concurs specially. BECK, P. J., and ATKINSON, J., concur in the result.