## BAGLEY v. FORRESTER.
### No. 6350.

Circuit Court of Appeals, Fifth Circuit.
Nov. 18, 1931.

James A. Fort and John A. Fort, both of Americus, Ga., for appellant.

T. O. Marshall, of Americus, Ga., for appellee.

Before BRYAN, SIBLEY, and WALKER, Circuit Judges.

SIBLEY, Circuit Judge.

George W. Bagley was adjudged a voluntary bankrupt. His trustee on a plenary suit recovered from him as his wife's executor a store-house and lot in De Soto, Sumter county, Ga., and the executor appeals. The facts are that prior to January 22, 1903, the store belonged to Mrs. Bagley, who then made a fee-simple warranty deed to her husband, conveying the store and stock of merchandise in it and some farm land, for an expressed consideration of $5,000. He took possession under the deed, and both believed the property to be his by valid conveyance until in 1912 he was refused a loan on the farm land upon the ground that his deed was invalid under a statute, Georgia Civ. Code 1910, § 3009, which requires all sales by a wife to her husband to be approved by an order of the superior court. Mr. and Mrs. Bagley then joined in a petition to the court, describing, however, only the farm land, and stating that the sale had been freely and fairly made, and praying an approval of it, which was granted on December 12, 1912, and the loan was obtained. Nothing was said in these proceedings about the store. Bagley testifies that after 1912 the store was regarded as belonging to his wife, though he continued to return it for taxation in his name, while her other property was returned in her name, and he continued until bankruptcy to conduct his mercantile business in it, often with her presence and help, and he once mortgaged it in his name. The District Court held that, if Bagley had title in 1912, no prescription had ripened in Mrs. Bagley since, and the correctness of this con-

clusion is not contested. The court also held that Bagley had in 1912 acquired a prescriptive title by seven years' adverse possession under the deed of 1903 as color of title. This holding is contested on these grounds: That the deed, being invalid by statute, cannot be validated by prescription, that prescription will not run between spouses living together, and that there was in fact no sufficient adverse possession.

■ The questions raised involve the construction of Georgia statutes, and decisions elsewhere are of little aid. The first objection is quickly answered. Although the statute, Georgia Civ. Code 1910, § 3009, rendered the unapproved deed of bargain and sale from wife to husband wholly void as title as against her, Fulgham v. Pate, 77 Ga. 454; Webb v. Harris, 124 Ga. 723, 53 S. E. 247; yet it is good as color of title, Floyd v. Ricketson, 129 Ga. 668, 59 S. E. 909; Goss v. Brannon, 167 Ga. 498, 146 S. E. 187. The statute does not intend to wholly prohibit any transfer of property from wife to husband, because she may freely give it to him, Civ. Code of 1910, § 3010; Cain v. Ligon, 71 Ga. 692, 51 Am. Rep. 281; but it seeks only to insure that she is not worsted in a trade. Prescription does not set up the deed as valid, but by the lapse of time and by peaceable adverse possession creates a new and original title. Civ. Code of 1910, § 4163. The wife's acquiescence for the prescriptive period is but given the effect of a gift, which is permitted by law.

■■ As to the second objection, we think that no exception of the case of husband and wife can be read into the statute of prescription. The pertinent portions of the statute, italicized for emphasis, appear in the Civ. Code of 1910 as follows: Section 4163. "Title by prescription is the right which a possessor acquires to property by reason of the continuance of his possession for a period of time fixed by the laws." Section 4168. "Actual adverse possession of lands by itself, for twenty years, shall give good title by prescription *against everyone, except the State, or persons laboring under the disabilities hereinafter specified.*" Section 4169. "Adverse possession of lands, under written evidence of title, for seven years, shall give a *like* title by prescription." Section 4173. "No prescription works against the rights of a minor during infancy, of a person imprisoned during his confinement, or of an insane person so long as the insanity continues." The appellant would add an additional exception of a married woman while living with her husband. In point of fact, the original statute of prescription enacted in the Code of 1863 in substitution of a previous statute of limitations, Pollard v. Tait, 38 Ga. 439, did make an additional exception of "married women during coverture," and the exceptions to the running of the general statute of limitations were exactly similar. Code of 1863, §§ 2645, 2867. But that Code in section 1732, now Civ. Code of 1910, § 3007, also provided that "The wife is *a femme sole as to her separate estate,* unless controlled by the settlement." There followed the Married Women's Act of 1866, Civ. Code of 1910, § 2993, whereby all property owned or acquired by her at any time was declared to be her separate estate, free from all marital control, without the necessity of any settlement or trustee, and an act, Acts 1872, p. 39, whereby she was given full right to sue in her own name without joining her husband or appearing by a next friend when suing him, as was previously required by the Code of 1863, § 1723. In consequence, the exceptions in favor of married women were esteemed repealed by implication, and married women being free to sue as touching their property were held bound to sue or become barred by limitation, Perkins v. Compton, 69 Ga. 736, or defeated by prescription, Kile v. Fleming, 78 Ga. 1. Thereupon, when the Code of 1895 was enacted, the exceptions touching them were dropped both as to limitation and prescription, Civ. Code of 1895, §§ 3593, 3779, and the omission was repeated in enacting the Code of 1910. These Codes were all enacted as single comprehensive statutes, and are to be construed as such. Central of Georgia R. R. v. State, 104 Ga. 831, 31 S. E. 531, 42 L. R. A. 518. We must therefore consider that the exception in favor of a married woman was in 1895 expressly repealed without any saving of her rights against her husband. But it is urged that, while a married woman in Georgia is a femme sole as to her separate property in relation to every one except her husband while living with him, a judicial exception must be created as to him on two grounds: To wit, because of the merger of her civil existence in his, and because of the impolicy of requiring her to sue him. On the first point is quoted the declaration of the Code of 1863, still carried as law in the Civ. Code of 1910, § 2992: "In this State the husband is the head of the family, and the wife is subject to him. Her legal civil existence is merged in the husband, except so far as the law recognizes her separately, either for her own protection, or for her

benefit, or for the preservation of public order." Accordingly, and following a decision upon statutes closely similar to those of Georgia in Thompson v. Thompson, 218 U. S. 611, 31 S. Ct. 111, 54 L. Ed. 1180, 30 L. R. A. (N. S.) 1153, 21 Ann. Cas. 921, it is held in Georgia that a wife may not sue her husband for a tort to her person. Heyman v. Heyman, 19 Ga. App. 634, 92 S. E. 25. These decisions go upon the ground that the wife had no such right of action against her husband at common law, and, since her separate estate is not involved, the separate property acts give her none. They decide nothing touching limitation or prescription where her separate property is concerned. Indeed, the Georgia court quoted with approval from Cooley on Torts, thus: "When the wife is by statute given full control over property acquired by her, the marital relation will not protect the husband against an action for unlawfully interfering with her property, but under such a statute the wife cannot maintain an action against her husband for a personal injury." Under the Georgia statutes the declaration that the wife is a femme sole as to her separate estate is qualified by but three exceptions: She may not be a surety for anybody; she may not bind her property for her husband's debts; and she may not sell it to him without the approval of the superior court. Civil Code of 1910, §§ 3007, 3009. Though there has been no direct decision by the higher courts, it has been frequently assumed that limitation and prescription may run between husband and wife. [1]Bradley v. Saddler, 54 Ga. 681; Hill v. Waldrop, 57 Ga. 134; Comer v. Allen, 72 Ga. 1; Oliver v. Hammond, 85 Ga. 323, 11 S. E. 655; Turner v. Elliott, 127 Ga. 338, 341, 56 S. E. 434; Goss v. Brannon, 167 Ga. 498, 501, 146 S. E. 187. Against these cases is cited Carpenter v. Booker, 131 Ga. 546, 62 S. E. 983, 127 Am. St. Rep. 241. It was there held that the husband cannot acquire title by prescription against his wife to her property on which both are living as a home. The reason given that there can be under such circumstances no adverse and exclusive possession is solid and satisfactory. The other reason given that the husband has the right to choose the domicile and the wife cannot put him out is not so satisfactory when he chooses as a domicile property which is not his, but hers; but, if the reason is valid, it applies only to the domicile. This case

has been cited with approval in Caraker v. Brown, 152 Ga. 677, 111 S. E. 51, and Goss v. Brannon, 167 Ga. 498, 146 S. E. 187, but as confined to the jointly occupied home. We think it has no application to property which is not jointly occupied.

■ While some courts, especially courts of equity which are not strictly bound by statutes of limitation, have asserted that it is against public policy to enforce limitation or prescription within the marital relation, the better view is that the courts are not to declare public policy, but only to expound and enforce the statutes. Whether it is better that business between husband and wife should be suffered to remain unsettled until insolvency, a separation, or death supervenes, or whether the interests of the community, the getting at the truth while it is fresh, and the general benefits sought by statutes of repose rather require that no such exception be made, is a question for the Legislature alone. Thompson v. Thompson, 218 U. S. 611, 31 S. Ct. 111, 54 L. Ed. 1180, 30 L. R. A. (N. S.) 1153, 21 Ann. Cas. 921. The Georgia court has steadily set itself against adding to the exceptions made by the statutes. Payne v. Ormond, 44 Ga. 514, 527; Jones v. Bivins, 56 Ga. 538; Verdery v. S., F. & W. R. R., 82 Ga. 675, 684, 9 S. E. 1133. Even where a statute of limitation omitted to make any of the usual exceptions, these exceptions were held not to be implied. Weaver v. Davis, 2 Ga. App. 455, 58 S. E. 786. We therefore hold that prescription as to property other than the home may run against a wife in favor of the husband, though living together.

■ When the two are living together, it will ordinarily be difficult to show that the husband's possession of any of his wife's property is adverse and exclusive and not in her right, because he so usually manages it for her. The presumption because of the relationship is that he is acting in her right, and clear and explicit proof to the contrary is required with direct notice to her of the adverse holding. 30 C. J. "Husband and Wife," § 515. Such notice is required by the Georgia statute to render adverse any possession which was originally permissive, Civ. Code of 1910, § 4164, or that of one cotenant against another, section 3725, and is requisite generally in all cases of confidential relationship. And equally there must be no moral fraud, either in obtaining the color of title or in the taking of possession. Civ. Code of 1910, §§ 4164, 4169. But in the case at bar all these requirements are fully

---

[1] Since this opinion was delivered, attention has been called to the case of Barber v. Barber, 125 Ga. 226, 53 S. E. 1017, which holds that limitation may run between husband and wife.

met. There is no proof of any overreaching or deceit, and fraud to defeat prescription must be actual moral fraud. Georgia Civ. Code 1910, § 4177. The wife herself had executed to her husband a fee-simple deed, taking in exchange $5,000. She declared to the superior court, and has never said otherwise, that the sale was freely and fairly made. Although she was not bound by it unless the superior court should approve, and the matter was altogether at the husband's risk, Webb v. Harris, 124 Ga. 723, 53 S. E. 247, the good faith of the transaction is not impugned. She consented to his taking possession under her deed, and was bound to know that he was holding adversely to her and in his own right. Pace v. Payne, 73 Ga. 670; 2 C. J., Adverse Possession, § 260. He took over the stock of merchandise in the store, and has since made mercantile debts only in his own name. He insured the store in his own name, and when it burned in 1906 he sued on the policy and successfully defended his title against a claim by the insurance company that he had none. He rebuilt the store, and continued in possession, both he and his wife believing the deed to be valid and the title to be in him until 1912. Their mistake on that point is not fraud which will defeat prescription. Waxelbaum v. Gunn, 150 Ga. 408, 104 S. E. 216. There is evidence of some adverse claims made by the wife, but they appear to relate to the time since 1912. If her presence at the store to assist during busy seasons went back of 1912, she was plainly there at that time as her husband's helper. We think the judgment that there was adverse possession in good faith under claim of right and color of title for more than seven years, and that a title by prescription vested in George W. Bagley, is well warranted.

Judgment affirmed.