STALLINGS *et al. v.* BRITT, executrix; *et vice versa.*

Nos. 16317, 16318. SEPTEMBER 7, 1948.

252

*Beck, Goodrich & Beck* and *Clifford Seay,* for plaintiffs.
*Dobbs & Whitmire* and *Christopher & Futral,* for defendant.

CANDLER, Justice. (After stating the foregoing facts.) ■ In the third ground of the amended motion, it is insisted that the court erred in directing a verdict for the defendant. From the facts that we find in the record there is no merit in this contention. The bill of exceptions recites: "At the conclusion of the evidence, the plaintiffs moved the court to direct a verdict in favor of the plaintiffs, and the defendant moved the court to direct in favor of the defendant, and both sides agreed that there was no issue of fact for the jury, and that the court should direct a verdict for one side or the other." In these circumstances neither party can complain that the court erred in directing a verdict, though the losing party may except upon the ground that the verdict directed is erroneous. *Mims* v. *Johnson*, 8 *Ga. App.* 850 (1) (70 S. E. 139); *Sovereign Camp W. O. W.* v. *Beard*, 26 *Ga. App.* 130 (105 S. E. 629); *Groover* v. *Savannah Bank &c. Co.*, 60 *Ga. App.* 357 (3 S. E. 2d, 745); *Lydia Pinkham Medicine Co.* v. *Gibbs*, 108 *Ga.* 138 (33 S. E. 945); *Yablon* v. *Metropolitan Ins. Co.*, 200 *Ga.* 693 (38 S. E. 2d, 534).

■ Amended grounds one and two of the motion for new trial complain as to the admission of certain testimony and the subsequent refusal to permit plaintiffs to file an affidavit of forgery. To count two of the original verified petition, which plaintiffs afterwards struck by amendment, there is attached, and made a part thereof, copy of a deed from Mrs. L. B. Britt to Larry B. Britt, dated May 12, 1931, recorded December 23, 1931, and conveying to grantee for a valuable consideration her undivided half interest in the land here in controversy; and among the allegations of the stricken count are these:

"13. Your petitioners further show that said defendant claims title through and by virtue of a certain alleged deed, purportedly executed by plaintiffs' intestate, Mrs. L. B. Britt, on May 12, 1931, to defendant's testate, L. B. Britt, and conveying the half interest of Mrs. L. B. Britt in the property herein described to L. B. Britt. A copy of said deed is hereto attached, marked Exhibit A.

"14. Petitioners show that the grantor and grantee in said deed . . were husband and wife, and said alleged deed was a contract of sale by a wife of her separate estate to her husband, and the same was invalid and void, because it was not allowed

by order of the superior court of Lamar County, the county of her domicile.

"15. Your petitioners, as heirs at law of Mrs. L. B. Britt, hereby tender to the defendant the $5 consideration of said deed. This is a continuous tender, which plaintiffs are ready and able to execute at any time."

Defendant tendered as evidence the three above-quoted paragraphs of the stricken count, together with the copy deed attached thereto as an exhibit. The court allowed the same in evidence, over an objection then made that the proffered evidence was irrelevant and immaterial because there was no admission in the pleadings that the "alleged" deed was in fact a genuine deed, and that the copy deed is not color of title if the deed was forged or fraudulent. We do not think that the court erred in admitting the testimony over the objection made. Unquestionably this evidence amounted to an admission by plaintiffs that Mrs. Britt, without the approval of the superior court of the county of her domicile, conveyed her undivided half interest in the subject land to her husband for a valuable consideration by a deed which was placed to record in 1931. Until stricken this was a solemn and binding admission in judicio. Code, §§ 38-114, 38-402; *Florida Yellow Pine Co.* v. *Flint River Naval Stores Co.,* 140 *Ga.* 321 (2) (78 S. E. 900). But after withdrawal, as in this case, defendant undeniably had a right to use it as evidence. Code, § 38-403; *Lydia Pinkham Medicine Co.* v. *Gibbs,* 108 *Ga.* 138, 140-141 (supra); *Mims* v. *Jones,* 135 *Ga.* 541, 544 (69 S. E. 824); *Field* v. *Manly,* 185 *Ga.* 464, 466 (195 S. E. 406). In the instant case, defendant contended that her testator acquired prescriptive title to the interest of Mrs. Britt in the described premises by seven years' adverse possession thereof under written evidence of his claim, and certainly for the purpose of proving this the evidence objected to was both relevant and material.

■ After both sides had rested and during the argument of counsel, one of plaintiffs made an affidavit that the deed from Mrs. Britt to her husband, a copy of which had been admitted in evidence, was "to the best of her knowledge and belief" a forgery. No motion, however, was made to rule out the evidence to which the affidavit related, and the court refused to allow plain-

tiffs to file it. We think that this question may be sufficiently disposed of by saying that, in the absence of any motion to rule out the evidence to which the affidavit related, no error is shown.

In the fourth ground of the amended motion, plaintiffs insist that the court erred in directing a verdict for defendant because the evidence demanded one for them. We shall deal with this ground and the general grounds together. The parties claim title from a common grantor. Plaintiffs made out a prima facie case when they introduced in evidence a deed from M. W. Smith, the common grantor, to their parents, Mr. and Mrs. Larry B. Britt, conveying the premises to them jointly and equally. They insist that the deed from Mrs. Britt to her husband, being one of bargain and sale of her separate estate, passed no title to him. Unquestionably they are correct in this, since under our law (Code, § 53-504) a wife can not make a sale of her land to her husband without an order of approval by the superior court of the county of her domicile, and in the present case there is no evidence of such approval. In fact, the defendant does not contend that there was any. If the record stopped with this, we would unhesitatingly hold that a verdict for plaintiffs was demanded; but such is not the case. Defendant contends that for more than seven years immediately prior to the death of her testator he was in actual, adverse, and exclusive possession of the premises in question under written evidence of his title and under circumstances which ripened his possession into a good prescriptive title. If the record sustains the truth of this contention, then a finding for defendant was required. Under our law adverse possession of land in good faith for a period of seven years, under written evidence of title, gives good title by prescription. Code, § 85-407. Color of title is "written evidence of title" within the meaning of this Code section. *Gooch* v. *Citizens & Southern Nat. Bank,* 196 *Ga.* 322 (26 S. E. 2d, 727). And it has long since been settled by the decisions of this court that a deed from a wife to her husband for the sale of her separate estate is color of title, though the deed itself be void for lack of approval. *Moody* v. *Fleming,* 4 *Ga.* 115 (48 Am. D. 210); *Fain* v. *Garthright,* 5 *Ga.* 14; *Gittens* v. *Lowry,* 15 *Ga.* 336; *Carpenter* v. *Booker,* 131 *Ga.* 546 (62 S. E. 983, 127 Am. St. R. 241); *Goss* v. *Brannon,* 167 *Ga.* 498, 501 (146 S. E. 187). Where, as here, the opposing parties

256

each move the court for a directed verdict and consent for the court to pass upon the issues involved, we will affirm the judge if there is any evidence to support the verdict directed, no errors of law appearing. *Wiley, Parish & Co. v. Kelsey,* 13 *Ga.* 223; *Cunningham* v. *Schley,* 41 *Ga.* 426 (4); *Freidenburg & Co.* v. *Jones,* 63 *Ga.* 612. And we will state again, as it has been so frequently said by this court and the Court of Appeals, that it is always the duty of an appellate court to construe the evidence most strongly in favor of sustaining the verdict under attack. Guided by these principles of law and upon their application to the facts, are we now required to hold, as plaintiffs in error contend, that the judge erred in directing the verdict complained of? We do not think so. That defendant's testator had sufficient written evidence of his claim upon which to base prescription is not open to doubt, and we think that the evidence was amply sufficient to authorize a finding that his possession was of such a character and for a sufficient duration to ripen his claim into a good prescriptive title. Respecting his possession, Mrs. Lifsey, one of plaintiffs, on direct examination, testified: "I am familiar with the lot described in this suit. That was known as the home place of Larry B. Britt where he and his wife were living prior to and at the time of her death. That was the place they bought from Mr. Smith. They lived there continuously until Mrs. Britt died. After Mrs. Britt, my mother, died, Mr. Britt continued to live there until the time of his death. Mrs. Mattie Loucile Andrews was his second wife and she is living there today." In the brief for plaintiffs in error, it is in effect conceded that defendant's testator was in actual possession of the entire tract in controversy, occupying it as his home without the payment of rent and making repairs, from the date of his first wife's death until his death, which, as the record shows, covered a period of more than seven years. This, we think, when construed most strongly in support of the verdict, authorized the court to find that his possession was exclusive.

Nor do we think that there is any merit in the contention by plaintiffs that the possession of Mr. Britt subsequently to the death of his wife (the mother of plaintiffs) was that of a cotenant with them; and since the evidence shows no ouster, it necessarily follows that no prescription ran against them. There is no evidence in the record which would require a finding that Mr.

Britt claimed any interest in the premises as an heir at law of his wife, or that he ever expressly or impliedly recognized the relation of cotenant between himself and their children. As we view the record, his claim for the interest of his wife in the disputed premises was planted squarely upon the proposition that he was her grantee under a deed which was placed to record in 1931; and it has become well settled in this State that possession of land under color and claim of title is adverse possession. *Moody* v. *Fleming*, supra. Mr. Britt's possession was therefore referable to his deed, and while he could not claim adversely to his wife during her life under the void deed which had been executed to him, when she died his possession became adverse to the world. *Fain* v. *Garthright, Carpenter* v. *Booker*, and *Goss* v. *Brannon*, supra. As authority for the ruling in the *Fain* case, this court cited Bradstreet *v.* Huntington, 5 Peters 402, 435 (8 L. ed. 170), where the Supreme Court of the United States held: "Wherever the proof is that one in possession holds for himself to the exclusion of all others, the possession so held is adverse to all others, whatever relation in interest and privity he may stand in to others. This doctrine is held in reference to lessors, mortgagors, trustees, and tenants in common." And in the more recent case of *Stephens* v. *Walker*, 193 *Ga.* 330, 332 (18 S. E. 2d, 537), this court held: "Although it is the statutory rule that 'there may be no adverse possession against a cotenant until actual ouster, or exclusive possession after demand, or express notice of adverse possession, in any of which events the cotenant may sue at law for his possession' (Code, § 85-1005), this rule has no application where the alleged cotenant in possession never expressly or impliedly recognized such a relation, but claimed title and held possession under a deed made to him as the sole grantee."

The facts in the case at bar, and the law applicable thereto, authorized, if in fact they did not demand, a finding for the defendant, and since the parties by consent agreed to submit the issues involved to the judge for determination, the verdict as directed is not erroneous for any reason assigned.

*Judgment on the main bill of exceptions affirmed; cross-bill of exceptions dismissed. All the Justices concur, except Bell, J., absent on account of illness.*