REIORDAN *v.* TURNER.

HAWKINS, Justice. This is a partition proceeding, instituted by Mrs. Julia Reiordan against Gus Turner, in which the applicant alleged that she and the respondent were the daughter and husband, respectively, of Katherine Cole Turner, deceased, and her sole heirs at law; and that at the time of her death Katherine Cole Turner was in possession of the property described in the applicant's petition, she having acquired title thereto by virtue of a year's support set aside to her from the estate of her former husband, Arthur Cole, who, it is alleged, was the owner and died in possession of the property. The respondent, in his answer, denied that the applicant owned any interest in the land described in the petition, alleging that he was the sole owner of a described portion thereof by reason of a parol gift made to him by his wife during her lifetime and his acceptance and possession thereof, with valuable improvements made thereon by him; that he was the sole owner of five other described tracts of land by virtue of the purchase thereof by him from one C. D. McCay, and the conveyance thereof by four certain deeds from C. D. McCay, one executed in 1920, one in 1921, two during the year 1950, and one deed by the widow of C. D. McCay in 1950 after the property therein described had been set aside to her as a year's support from the estate of C. D. McCay; and prayed that title to this property be decreed in him. It is contended by the plaintiff that Arthur Cole acquired title to the property described in

her petition by deed dated April 20, 1915, and that her mother acquired title thereto by virtue of a year's support set aside to her at the January term, 1918, of the Court of Ordinary of Fannin County, Georgia. The record discloses that Katherine Cole and Gus Turner were married in 1918, and lived together upon the land involved until her death on January 2, 1944, the present proceeding having been filed July 10, 1950. Upon the trial the jury returned the following verdict: "We, the jury, find in favor of the respondent, Gus Turner, as to the five tracts of land, four of which were purchased from C. D. McCay and one tract from Mrs. C. D. McCay, as the widow of the said C. D. McCay, and said five tracts as shown on the plat attached to the response of the respondent, the present home place of the respondent being located upon one of said five tracts of land, and we further find in favor of the applicant the remaining property and that the same be partitioned according to law." The applicant duly filed her original and amended motions for a new trial, which were overruled by the trial court, and to this judgment she excepts. *Held*:

1. Since the record discloses that the respondent and Katherine Cole Turner lived together as husband and wife upon the property involved from the time of their marriage in 1918 until the death of Katherine Cole Turner in January, 1944, and that neither they nor their predecessors in title had adverse and exclusive possession of the property for either twenty years, or for seven years under color of title, no prescriptive title to the property involved ripened in either of them, for, where a husband and wife jointly occupy premises as a home, prescription will not run in favor of one against the other. *Caraker* v. *Brown*, 152 *Ga.* 677 (111 S. E. 51); *Carpenter* v. *Booker*, 131 *Ga.* 546 (62 S. E. 983); *Goss* v. *Brannon*, 167 *Ga.* 498, 500 (146 S. E. 187).

2. The only evidence of title relied upon by the respondent to the five tracts found in his favor by the jury being the five deeds described in the foregoing statement of facts from C. D. McCay and his wife, the trial court erred, as complained in the first four grounds of the amended motion for a new trial, in admitting such deeds in evidence, over the objection that there was no evidence that either C. D. McCay or his wife ever had title to any of the property described therein, or that either of them was ever in possession thereof. The mere introduction in evidence of a deed to land in which one is named as grantee, without any proof of title to or possession of the land in the grantor, is insufficient to show title in the grantee. *Fitzpatrick* v. *Massee-Felton Lumber Co.*, 188 *Ga.* 80 (6) (3 S. E. 2d, 91); *Roughton* v. *Roughton*, 178 *Ga.* 367 (4) (173 S. E. 673); *Bleckley* v. *White*, 98 *Ga.* 594 (3) (25 S. E. 592).

3. The question of whether the error pointed out in the preceding headnote could be held to be harmless had the verdict of the jury been merely a general verdict in favor of the respondent, upon the theory that the applicant failed to establish her title to the property here involved, is not here presented, for the verdict of the jury is not a general verdict in favor of the respondent, but is one specifically finding title in the respondent to the five tracts of land described in these particular deeds, which, for the reasons above pointed out, were not admissible in evidence. Aside from these deeds there was no evidence

upon which the verdict as returned could have been predicated, granting to the respondent the affirmative relief sought by him.

4. Since the judgment overruling the motion for a new trial must be reversed for the reasons above pointed out, and since the evidence and the charge of the court may not be the same on another trial of the case, it is not necessary to pass upon the general grounds, or the grounds of the amended motion for a new trial complaining of the charge of the court.

*Judgment reversed. All the Justices concur.*

No. 17505. SUBMITTED JUNE 12, 1951—DECIDED JULY 9, 1951.

*T. H. Crawford* and *Henderson & Burtz*, for plaintiff.
*William Butt* and *Herman J. Spence*, for defendant.