## COOLEY *v.* ABBEY.

1. There was no error in ruling that a denial of the truth of the ground of the attachment, made in a petition to remove the attachment, was a traverse of such ground in contemplation of law.
2. A conveyance of property by an insolvent mother to her daughter and the husband of the latter is not necessarily fraudulent, and when the jury was authorized under the evidence to find that the conveyance was made in good faith and for a proper and legal consideration, the verdict, in the absence of any error of law on the part of the judge, ought not to be set aside.
3. There was no error in the charge.
4. The evidence sought to be introduced was not material in this case, and there was no error in excluding it.

　　　　Argued June 13,—Decided July 14, 1900.

Attachment. Before Judge Lumpkin. Fulton superior court. September term, 1899.

*C. D. Maddox*, for plaintiff. *C. J. Simmons*, for defendant.

LITTLE, J. Mrs. Cooley filed a petition and presented the same to the judge of the superior court of the Atlanta circuit, in which she alleged that Mrs. Abbey had made a fraudulent sale of all of her property, and prayed that an attachment should issue under the provisions of the Civil Code. After considering the same, the attachment was ordered to issue, and was levied on certain furniture and household goods as the property of the defendant in attachment. Subsequently Mrs. Abbey, under the provisions of the Civil Code regulating attachments of this character, filed a petition praying that the levy of the attachment so issued should be removed. On a hearing the prayers of this last petition were denied. No further steps were taken until the case was called for trial in the superior court. It was then insisted on the part of Mrs. Abbey that the petition for removal which had been filed was a traverse of the grounds of the attachment and raised an issue

as to the truth of the grounds therein stated. The court so ruled, and refused a motion which had been filed to dissolve the attachment. The plaintiff then excepted pendente lite. Treating the petition as a traverse of the ground of the attachment, the case proceeded to trial, and resulted in a finding by the jury in favor of the defendant on the issue made by the traverse. A motion for a new trial was made, which was denied, and the plaintiff excepted.

1. The first question which arises is, whether the petition for removal of the attachment was properly treated as a traverse of the grounds of the attachment. By section 4543 of the Civil Code it is provided, that whenever a debtor shall sell, or convey, or conceal his property liable for the payment of his debts, for the purpose of avoiding the payment of the same, or threaten or prepare to do so, his creditor may petition the judge of the superior court, distinctly stating his grounds of complaint and praying for an attachment against the property of the debtor, supporting his petition by affidavit, or testimony if he can control the same. By a subsequent section (4545) it is provided, that on this petition the judge may grant an attachment, which shall be executed under existing laws, and subject to existing laws as to traverse and other modes of defense. Under the provisions of this section the judge may also, if he deems it proper, before granting an attachment, appoint a day and hear both parties as to the propriety of granting the attachment, and may then grant or refuse it. It is provided also, in section 4546, that the party whose property has been attached without a hearing, if he desires to do so, may apply to the judge, setting out his grounds of defense, and show why the attachment should not have been issued, or should be removed. Having heard the same, the judge may then, upon a review of the law and facts, make such order in the premises as is consistent with justice, and either totally or partially remove the attachment, or refuse to do so. It is further provided, that when such attachments are issued and served they shall be returned and disposed of as attachments are now returned and disposed of, and be subject to the same defenses. Civil Code, § 4547. To the decision granting or refusing the attachment a writ of error lies to this court. Civil Code, § 4548.

It is provided by the Civil Code, § 4558, under the title "Of pleading and defenses in attachment," that the defendant may appear by himself or attorney at law, and make a defense at any time before final judgment is rendered against him; and by section 4560 it is provided, that in all cases of attachment the defendant may traverse the truth of the affidavit in relation to the ground upon which the attachment issued, at the return of the attachment, and the issue formed on such traverse shall be tried by a jury at the first term, unless good cause for a continuance is shown.

The attachment which was issued in the case at bar, under the order of the judge of the superior court, was dated September 29, 1897, and was returnable to the March term, 1898, of the superior court of Fulton county. The petition to remove the attachment was filed in the office of the clerk of the superior court of Fulton county on the 25th of October, 1897. This petition to remove, in terms, denied all the material allegations of the petition for attachment, that is to say, it expressly denied the truth of the ground upon which it was sought to have the attachment issue. The prayer to remove the attachment was refused at a hearing prior to the March term of the court. It nevertheless became a part of the record in the case, and, besides expressly denying that the ground of the attachment was true, this petition closed with a prayer that it should be used and considered as a traverse of the ground of the attachment. While it is admitted that the defendant might traverse the truth of the plaintiff's affidavit on which the attachment issued, it is contended that such traverse must be separately made and filed at the term to which the attachment is made returnable; and it seems to us that this is very much the better mode of practice, and that the contemplation of the statute in relation to filing a traverse is that there shall be a separate denial of the truth of the affidavit on which an attachment is issued, filed at the return term; but, nevertheless, the object of the statute is to give to a defendant the right of having an attachment which has issued against him dismissed, if the grounds upon which it issued are not true in fact; and we do not see, in this case, how any damage accrued to the plaintiff because of the fact that a traverse was filed in advance of the term to which the attach-

ment was made returnable. It is true that the petition for re-
moval is lengthy and contains a great many allegations not
necessary in good pleading to have been made, and contains
very much more than a mere traverse, but it contains, never-
theless, a distinct denial of the truth of the grounds on which
the attachment issued. It is true also that when the case was
called this denial was a part of the pleadings in the case as they
then stood, and there was then a distinct prayer in the plead-
ings that the denial in the petition to remove the attachment
be considered a traverse of the truth of the ground of the at-
tachment. So that the ground was denied specifically, and such
denial was filed before the case was called. While, as we have
stated, the better practice is to file a separate traverse, yet we are
confident that, considering the object of the statute, the denial of
the petition for removal was sufficient to cause an issue as to the
truth of the grounds to be made and tried.

2. It is contended that the verdict of the jury was contrary
to law and to the evidence in the case. We do not think so.
On the contrary, we are of the opinion that the verdict of the
jury was fully authorized by the evidence. It is true that fraud
was charged, and it is also true that by the conveyance which
was attacked for fraud the defendant sought to pass title of the
property to her daughter and son-in-law. Nevertheless it ap-
pears to us that the reason for the conveyance and the consid-
eration moving the defendants were fully and satisfactorily ex-
plained, and under the evidence the jury were authorized to
find that such conveyance was made in good faith. It is not
true, as matter of law, that the defendant could not in good faith
sell and convey her property to her married daughter and her
husband. Such conveyances are always regarded with suspi-
cion, but, while so regarded, they will stand unless shown to be
fraudulent; and while, in determining whether the conveyance
is fraudulent or not, slight circumstances may have weight, yet
it is entirely within the province of the jury to determine the
fact as to whether the fraud existed. The evidence warranted
them in finding that it did not in the present case, and the ver-
dict ought not to be disturbed, unless some error of law was
committed in the trial of the case.

3. It is complained that the court erred in charging the jury

as follows: "The pleadings of the parties are not evidence, but are merely their written contentions, and are not to be taken by the jury as evidence of the facts alleged in them." This charge, abstractly considered, is a sound legal proposition, and is totally distinct from the rule of law in relation to admissions in judicio. Pleadings are the mutual altercations between the parties. The plaintiff sets out the facts upon which he relies for a recovery. The defendant either admits or denies the several alleged facts, or sets up extraneous matter as a bar to recovery. It is a legal truism that these pleadings are not evidence, and are not to be taken as such, but another rule of law holds a party to any admissions which he has made in his pleadings. If any such are made they are to be taken as true, because they are asserted by the party himself; and while he may withdraw them formally from the pleadings, he can not by a mere withdrawal avoid the effect of the admissions made. *Lydia Pinkham Medicine Co.* v. *Gibbs,* 108 *Ga.* 138. There was no request that the judge should charge the jury in reference to admissions made by the defendant in her pleadings. It appears from a note that, during the trial, counsel for the defendant insisted on the proposition that an admission made in pleadings was not evidence, and invoked an instruction to the jury to that effect, following which the charge complained of was made. There was no error in the instructions given; and if the plaintiff desired any instructions in reference to admissions made in the pleadings, he should have requested that they be given. He failed to do so, and the fact that the presiding judge did not find it necessary, in the absence of a request, to refer to the subject of admissions, in no way renders the charge as given illegal or inapplicable.

4. Another assignment of error is, that the court rejected testimony to the effect that the defendant came to witness after the alleged sale and made application for credit, and that she stated to him that she was in good financial standing, and agreed to settle her account every two weeks; that she owed no one anything, etc. The statement which it was sought to prove that the defendant made did not, under the explanation of the presiding judge, have any relevancy to the issue being tried. He excluded it on the theory that the insolvency of the defendant was never denied, nor was it ever in issue. This being true,

proof of the fact that she made application for credit in the purchase of provisions, and stated that she was in good financial standing, and promised to pay her accounts, could not affect any question involved.   The theory of the plaintiff was that the sale of all the furniture of the defendant to her daughter and son-in-law was fraudulently made.   It was proved, as was claimed, that she continued in the possession of the goods which she had ostensibly conveyed, and this, it was contended, was a badge of fraud.   It seems that the defendant had been keeping a boarding-house on Pryor street.   Her business had not been successful, and she conveyed all of her furniture to her daughter and her daughter's husband.   Subsequently the furniture was removed and placed in a house on another street; and plaintiff contended that it was still the establishment of the defendant, that she was conducting the house there and using the same furniture, and that these facts tended to show that the original sale was fraudulent.   However this may be, we are confident that, if the insolvency of the defendant was not denied, the mere fact that while residing at her new place she desired credit in the purchase of provisions, and stated that she did not owe anybody, would have added nothing to the contention made. Ordinarily, this evidence would have gone in for whatever of value it might have had on the question of her solvency, but we do not see how it could have any further application.   It was her undoubted right to purchase these goods on a credit, if she could do so.   Such articles were necessary for her maintenance, whether she had fraudulently conveyed the goods or not; and, under the issues then being tried, the offered testimony was immaterial.   There was no error in rejecting it.

*Judgment affirmed. . All the Justices concurring.*