## 19382. CITY OF ATLANTA *v.* HINES.

Decided March 7, 1929.

*J. L. Mayson, C. S. Winn, J. C. Savage,* for plaintiff in error.
*Alexander & McLarty,* contra.

Luke, J. Clarence Hines brought his action for damages against the City of Atlanta, the court overruled a general demurrer to the petition, and the defendant excepted to this ruling. The petition, addressed to the superior court of Fulton county, follows: "The petition of Clarence Hines shows to the court as follows:

"1. That the City of Atlanta, the defendant herein, is a municipal corporation located in said State and county.

"2. That pursuant to section 910 of the revised Code of Georgia, petitioner has presented in writing more than thirty days prior to this date to the governing authorities of said municipality the claim for damages herein set out, stating the time, place, and extent of the injury, and the negligence which caused the same, and said claim has been advertised by said governing body, and that petitioner has otherwise complied with the aforesaid section 910 of the Code of Georgia.

"3. That the defendant, through its negligence, has damaged petitioner in the sum of $6,525, as is more fully shown hereinafter.

"4. That in July, 1927, defendant began work on Luckie street in front of Hotel Luckie, known as 180 Luckie street northeast, which hotel on the 1st day of March, 1927, was leased by petitioner for a period of five years from that date at a monthly rental of $350 per month for the first year, $400 per month for the second year, and $450 per month for the last three years. In September, 1927, the defendant dug a trench in the aforesaid street in front of the said hotel, approximately six or eight feet deep and about six feet wide, for the purpose of laying a trunk-line sewer, and shortly thereafter tore up and removed the paving in the street, leaving the same in a very dangerous and almost impassible condition.

"5. In December of the same year defendant tore up the sidewalk in front of petitioner's hotel, leaving a drop from the bottom step of said hotel to the level of the street of about four feet.

"6. The street in front of petitioner's hotel has been continuously in a very dangerous and almost impassible condition up until about April 26, 1928.

"7. On or about the 11th day of December, 1927, defendant placed fences around every street leading to petitioner's hotel, so it was impossible for vehicles of any kind to get in and out of the street, which fences were left in that condition while the street was torn up.

"8. That the defendant has been negligent in tearing up the aforesaid street and leaving it in an impassible condition for months before they were ready to start paving the street and making the other improvements contemplated; that the defendant was negligent in cutting the street down so that there was a distance of about four feet from the bottom step of petitioner's hotel to the street and leaving it in that condition for months; that defendant was negligent in cutting off all means of access to defendant's place, including wagons to bring in coal for the purpose of heating the hotel, for a period of several months before they were ready to begin the aforesaid improvements.

"9. The petitioner repeatedly told defendant of the damages that he was suffering due to the aforesaid unnecessary delay, and made repeated requests on defendant to proceed with the contemplated improvements.

"10. That petitioner has for rent in the aforesaid hotel 108 rooms, which before the street was blocked were almost constantly

occupied, but since the street has been blocked only about eighty per cent. have been occupied, due to the fact that a large portion of his business comes from tourists, who have been unable to get to defendant's [?] hotel during the time that the street has been blocked.

"11. Petitioner shows further that at the time of said interruption of traffic he had his dining-room leased to a Miss Pitts, who was running it successfully and paying him $75 per month rent, but, due to the obstruction in traffic and consequent loss of trade, on or about December 1st, Miss Pitts broke her contract and moved out, giving this as her reason for doing so.

"12. Petitioner shows that he has lost three months' rent from his dining-room due to the aforesaid negligence of defendant, amounting to $225, and that, due to the same cause, he has lost approximately $350 a month revenue from the rent of his rooms for the past nine months, amounting to $3150, and that he has been further damaged in that the value of his leasehold was totally destroyed during the aforesaid period in which ingress and egress to and from Luckie street was blocked, damaging petitioner's leasehold to the extent of $3150, making a total of $6525.

"Wherefore petitioner asks judgment against defendant in the principal sum of $6525, together with cost of this suit."

Since the only exception in the bill of exceptions is to the overruling of the general demurrer, that is the sole question presented here for determination. The order overruling the demurrer reads as follows: "On consideration the general demurrer is overruled. Special demurrer B of par. 5 is sustained in so far as plaintiff seeks to recover for loss of rent and loss of revenue as such, but said allegations are allowed to remain in so far as they tend to illustrate damage to the leasehold. Plaintiff is given thirty days to amend."

The gist of the general demurrer is that the petition fails to set out a cause of action because "the City of Atlanta has the right to close a street in order to make improvements on same," and because "plaintiff can not bring the action against the city for temporarily closing the street in order to carry on or perform some public work."

It is contended by counsel for the defendant in error that since the adoption of the constitution of 1877 containing the provision

that "Private property shall not be taken, or damaged, for public purposes, without just and adequate compensation being first paid" (Civil Code (1910), § 6388), Hines has the right to recover for damage to his leasehold consequent upon the making of the improvements indicated in the petition in a reasonable, proper, and expeditious manner, irrespective of any negligence on the part of the city. To sustain this contention, the case most strongly relied on is that of *Pause* v. *Atlanta*, 98 *Ga.* 92 (26 S. E. 489, 58 Am. St. R. 290). Other cases cited in this connection are: *City of Atlanta* v. *Green*, 67 *Ga.* 386; *Moore* v. *Atlanta*, 70 *Ga.* 611; *City of Atlanta* v. *Word*, 78 *Ga.* 276. Another case not cited, which contains an interesting discussion of the constitutional provision cited and the right to recover consequential damages thereunder, is that of *Austin* v. *Augusta Terminal Ry. Co.*, 108 *Ga.* 671 (34 S. E. 852, 47 L. R. A. 755).

A casual examination of the petition clearly shows that the right to recover in the case at bar is based squarely upon the negligence of the city in impeding access to the hotel property for a longer time than was necessary or proper. To this extent, and to this extent alone, the petition sets out a cause of action. Therefore the court did not err in overruling the general demurrer. The decision in *Tuggle* v. *Atlanta*, 57 *Ga.* 114, strongly relied on by the plaintiff in error, which was written prior to the adoption of the constitution of 1877, does not change our view in this regard.

*Judgment affirmed. Bloodworth, J., concurs. Broyles, C. J., dissents.*