### 27320. CITY OF ROME *v.* LECROY.

DECIDED MARCH 11, 1939.

*Lanham & Parker,* for plaintiff in error.
*Maddox & Griffin,* contra.

STEPHENS, P. J. 1. The construction and maintenance of an open ditch by a city, in a street in the city, which causes damage to the use of the adjacent property, is a ministerial and not a governmental function. *City of Atlanta* v. *Trussell,* 21 *Ga. App.* 340 (94 S. E. 649) ; *Massengale* v. *Atlanta,* 113 *Ga.* 966 (39 S. E. 578) ; *Smith* v. *Atlanta,* 75 *Ga.* 110 ; *Mayor &c. of Savannah* v. *Spears,* 66 *Ga.* 304.

2. A person, in the occupancy of premises in the operation of a commercial business, abutting on a street in a city, has an interest in the land during his term of occupancy, and can recover for an injury for such use represented in an injury to his business caused by the act of the city in the maintenance and continuance of an open ditch in the street, alongside the sidewalk, which prohibits the ingress and egress of customers, where it is necessary, in the conduct of his business, for such customers to come from the street onto the property in automobiles. *Bentley* v. *Atlanta,* 92 *Ga.* 623 (18 S. E. 1013) ; *Pause* v. *Atlanta,* 98 *Ga.* 92 (26 S. E. 489, 58 Am. St. R. 290) ; *City of Atlanta* v. *Hines,* 39 *Ga. App.* 499 (147 S. E. 416).

3. In a suit by the occupant of premises against the city, to recover for an injury to the business conducted by him, caused and growing out of the construction by the city of the ditch in the

street laterally along the sidewalk adjacent to the premises, an allegation in the petition that the business conducted by the plaintiff was that of selling and installing parts of automobiles on automobiles for customers, and that in the conduct of such business it was necessary for the customers to have ingress and egress to and from the plaintiff's "place of business," and that the defendant city, in cutting the ditch, which was approximately eight feet deep and three feet wide, in the street directly in front of the plaintiff's place of business, made it impossible for automobiles to get into the plaintiff's place of business, and that the ditch remained open for a period of fifteen days; that during this period the plaintiff's sales fell off a designated percentage from the usual and ordinary sales for that period, and that had the ditch not been left open as alleged the plaintiff would have done the usual and ordinary business in a designated amount, is an allegation that the plaintiff's business was injured by the alleged act of the defendant city in constructing and maintaining the ditch in an open manner, and for the time and period alleged.

4. An allegation in the petition that the city was negligent in failing and refusing to put a bridge or other means of ingress and egress from the street to the plaintiff's place of business, is an allegation that the defendant was negligent in leaving the ditch open and untraversable by automobiles or customers doing business with the plaintiff, as alleged elsewhere in the petition. None of these allegations are subject to objection on demurrer that they are mere conclusions of the pleader and not based upon sufficient facts to support the conclusions.

5. The allegation in the petition as to loss of profits to the plaintiff's business is but an allegation of facts which show loss or damage to the plaintiff's business. The petition, containing allegations of the plaintiff's right and injury caused by the wrongful act of the defendant, and allegations that the plaintiff's business has been damaged by such act to such an extent as to cause a diminution in the profits derived from the business, sets out an unlawful injury to the plaintiff by the defendant, and a damage to the plaintiff's use of the premises, in an amount to be found by the jury, under the evidence as representing such damage. *Pause* v. *Atlanta,* supra; *Mayor &c. of Americus* v. *Ansley,* 14 *Ga. App.* 707 (82 S. E. 159). The petition, properly construed, is not one

in which the plaintiff's damage is alleged as being the loss of profits in the business. The petition is not subject to demurrer on the ground that it "sets forth no basis upon which to determine the damages claimed" by the plaintiff in that plaintiff's damages are alleged as profits of the business which are purely speculative.

6. The petition set out a cause of action, and the court did not err in overruling the general and special demurrers.

*Judgment affirmed. Sutton and Felton, JJ., concur.*