## WATERS *v.* DEKALB COUNTY *et al.*

No. 17702.   SUBMITTED JANUARY 17, 1952—DECIDED FEBRUARY 13, 1952.

744

*Carl T. Hudgins* and *Thomas O. Davis,* for plaintiff.

*Eugene Cook, Attorney-General, T. V. Williams* and *W. V. Rice, Assistant Attorneys-General,* and *J. A. McCurdy,* for defendants.

CANDLER, Justice. (After stating the foregoing facts.) ■ Article I, Section III, Paragraph I, of our Constitution of 1945 (Code, Ann., § 2-301) emphatically declares that "private property shall not be taken, or damaged, for public purposes, without just and adequate compensation being first paid." The same provision appeared in the Constitution of 1877. Accordingly, if private property is taken or damaged for public purposes, even by the prudent and proper exercise of a power conferred by statute, the owner thereof is entitled to just and adequate compensation for the taking or the damaging thereof. It is argued, however, by counsel for DeKalb County and the

State Highway Department that the allegations of the petition as amended in the instant case affirmatively show that the plaintiff has no property in the leased premises that comes within the meaning and protection of the above-quoted constitutional guarantee; and, as authority for this position, they cite and rely upon Code § 61-101 to show that no estate passes out of the landlord to the tenant where the lease is for a period of less than five years. The position so taken is not tenable. This court held, by full-bench decisions, in *Bentley* v. *City of Atlanta,* 92 *Ga.* 623 (18 S. E. 1013), and *Pause* v. *City of Atlanta,* 98 *Ga.* 92 (26 S. E. 489, 58 Am. St. R. 290), that a tenant, although he has no estate in the land, is the owner of its use for the term of his rent contract, and can recover damages for any injury to such use resulting from the construction of a duly authorized public improvement. See also *Bass* v. *West,* 110 *Ga.* 698 (36 S. E. 244); *Hayes* v. *City of Atlanta,* 1 *Ga. App.* 25, 27 (57 S. E. 1087); *City of Atlanta* v. *Hines,* 39 *Ga. App.* 499 (147 S. E. 416); *City of Rome* v. *LeCroy,* 59 *Ga. App.* 644 (1 S. E. 2d, 759). Hence we hold in this case that the holder of a valid rent contract for realty, though it be for a period of less than five years, has a property right in the leased premises, which is protected by our constitutional provision declaring that private property cannot be taken or damaged, for a public use, without first paying just and adequate compensation for the same; and this is true whether the leasehold interest be taken or damaged by a county, a municipal corporation, or any other public organization. *Smith* v. *Floyd County,* 85 *Ga.* 420 (11 S. E. 850). There is no inconsistency between the ruling presently made and Code § 23-1502, which provides that a county is not liable to suit for any cause of action unless made so by statute. A right of action arises by necessary implication against a county when it violates a constitutional right of a citizen. *Smith* v. *Floyd County,* supra.

These headnotes do not require elaboration.

Applying the principles of law dealt with in the foregoing divisions of this opinion, it was erroneous for the court to render the judgments complained of.

*Judgment reversed. All the Justices concur.*