## 19238. WINN *v.* MORTON.

MOBLEY, Justice. R. H. Winn brought his petition against D. J. Morton, alleging substantially as follows: that he leased for five years a fruit stand located on State Highway No. 85 on property of the defendant; that the lease expires approximately three years from the time of filing the petition; that the State Highway Department brought condemnation proceedings in Clayton Superior Court against the defendant as owner of the property, and against the petitioner as lessee; that assessors were appointed, and they fixed the damages of the defendant, as owner, and the plaintiff, as lessee; that thereafter the defendant settled his claim for damages with the State Highway Department; that the plaintiff, being dissatisfied with the award of damages for his interest as lessee, appealed to a jury in Clayton Superior Court, which appeal is now pending; that the defendant has failed and refused to move the fruit stand onto other property owned by him and fronting on said highway near where the present fruit stand is located; and that the defendant has unlawfully terminated the lease. The prayers were for a temporary and permanent injunction to restrain the defendant from evicting the plaintiff from the premises and destroying the building, for certain items of damages, and for attorney's fees. The trial court sustained an oral motion to dismiss the petition, and to this judgment the plaintiff excepts: *Held:*

By Code § 95-1724, the State Highway Board, acting for and in behalf of the State, is authorized under the power of eminent domain to condemn land and buildings thereon to obtain rights-of-way for the use of the State highway system. This petition shows that the State Highway Board has brought condemnation proceedings against both an owner of realty and his lessee for the purpose of obtaining additional right-of-way for the use of the State's system of highways. The lessee has a legal recourse for damages as compensation for the loss of his lease by the condemnation proceedings of the State Highway Department (see *Pause v. City of Atlanta,* 98 *Ga.* 92, 26 S. E. 489, 58 Am. St. R. 290); but his remedy does not lie against the property owner. *Waters v. DeKalb County,* 208 *Ga.* 741 (69 S. E. 2d 274). The plaintiff's petition shows that he is now pursuing his legal remedy in Clayton Superior Court. "Equity will not take cognizance of a plain legal right where an adequate and complete remedy is provided by law." Code § 37-120.

*Judgment affirmed. All the Justices concur, except Wyatt, P. J., not participating.*

SUBMITTED FEBRUARY 13, 1956—DECIDED MARCH 12, 1956.

*Preston L. Holland, Holland & Lea,* for plaintiff in error.
*Robert B. McCord, Jr., McCord & Cooper,* contra.