## 36297. O'CONNOR *v.* BRADFORD.

DECIDED JANUARY 8, 1957.

*Stubbs & D'Alessio,* for plaintiff in error.

*Endicott & Endicott, Wilbur H. Underwood, Jr.,* contra.

FELTON, C. J. Paragraph 6 of the plaintiff's original petition, which paragraph was stricken from the petition by amendment, and which was later introduced in evidence by the defendant, alleged that the Norwood Realty Company, Inc., did "adopt said purchase for its own", had purchased materials for the improvement of the said subdivision "through defendant-contractor", and had from time to time paid the plaintiff for such purchases.

"Admissions contained in a stricken plea may be introduced in evidence by the opposite party. Such admissions when thus made are to be taken as true, because they are asserted by the party himself; and while the party may withdraw them formally from the pleadings, he can not by a mere withdrawal avoid the effect of the admissions, since they may still be used as evidence against him. *Cooley* v. *Abbey*, 111 *Ga.* 439, 443 (36 S. E. 786)." *Stallings* v. *Britt*, 204 *Ga.* 250 (2) (49 S. E. 2d 517). Suffice it to say without an elaboration that the evidence taken with the plaintiff's admission was sufficient to present a question for a jury's determination as to whether the purchases were made by O'Connor as an individual or whether they were purchased by Norwood Realty Company, Inc., through J. J. O'Connor, and it was error for the court to direct a verdict for the plaintiff. The court erred in denying the defendant's motion for a new trial.

*Judgment reversed. Quillian and Nichols, JJ., concur.*