## 20816. DOUGHERTY COUNTY *v.* EDGE.

Duckworth, Chief Justice. 1. The fact that the suit is against the county and the petitioner alleges that the conditions complained of were created by the county do not cancel the further pleadings, filing a second original for service of said suit on the State Highway Department, as provided in Code (Ann.) § 95-1710 (Ga. L. 1957, p. 592), so as to remove the cause of action from the conditions set forth in Code § 95-1712.

2. So long as the opinions of this court in *Taylor* v. *Richmond County*, 185 *Ga.* 610 (196 S. E. 37), *Hardin* v. *State Highway Board*, 185 *Ga.* 614 (196 S. E. 40), *State Highway Board* v. *Perkerson*, 185 *Ga.* 617 (196 S. E. 42), *State Highway Board* v. *Hall*, 193 *Ga.* 717 (20 S. E. 2d 21), and *Waters* v. *DeKalb County*, 208 *Ga.* 741 (69 S. E. 2d 274), are allowed to remain and are not overruled, the meaning of Code § 95-1712, as they have construed it, applies to the claim for alleged damages to private property for a public use, upon which this

case is based, and the provision in that section that the Highway Department is not liable for such damages until the road has been formally opened for traffic controls. This condition precedent to liability must be both alleged and proved. Such was not done in this case, and, hence, the Court of Appeals erred in affirming the judgment overruling the demurrers. This ruling renders nugatory all subsequent rulings in the case.

*Judgment reversed. All the Justices concur, except Quillian, J,. disqualified. Duckworth, C. J., concurs specially.*

ARGUED MAY 9, 1960—DECIDED JUNE 9, 1960.

*Eugene Cook, Attorney-General, Paul Miller, E. J. Summerour, Carter Goode, Assistant Attorneys-General, Donald E. Payton, Smith, Gardner, Kelley & Wiggins,* for plaintiff in error.

*Burt & Burt, W. H. Burt,* contra.

DUCKWORTH, Chief Justice, concurring specially. My opinion as to what this court should do with Code § 95-1712 is expressed fully in my dissent in *State Highway Department* v. *McClain,* 216 *Ga.* 1 (114 S. E. 2d 125). But since my associates will not join me in overruling all the decisions above listed, I have no choice but to follow them and hence join in the foregoing decision.

This is an action for damages, brought against Dougherty County, resulting from acts of the State Highway Department in building certain fills or embankments in the construction of an interchange at the junction of a highway and the relocation of another. By amendment the petitioner filed a second original for service upon the State Highway Department as prescribed in Code (Ann.) § 95-1710 (Ga. L. 1957, p. 592). After a verdict and judgment for the petitioner, the Court of Appeals affirmed the lower court after reviewing errors complained of in rulings on demurrers and other rulings during the trial. A writ of certiorari was granted by this court, which now has for decision the question of whether or not the Court of Appeals in its opinion in *Dougherty County* v. *Edge,* 100 *Ga. App.* 856 (112 S. E. 2d 334), erred in holding that the action was to recover damages to real property resulting from acts of the State in exercising its power of eminent domain under the constitutional provision that

property should not be taken and damaged without just and adequate compensation, and that Code § 95-1712 did not apply in the case, and the action was not brought prematurely.