21668. RICHMOND COUNTY v. SIBERT.

ARGUED JUNE 11, 1962—DECIDED JULY 11, 1962—
REHEARING DENIED JULY 23, 1962.

*Eugene Cook, Attorney General, Carter Goode, E. J. Summerour, Assistant Attorneys General, Franklin H. Pierce,* for plaintiff in error.

*Isaac S. Peebles, Jay M. Sawilowsky,* contra.

GRICE, Justice. Involved here is proof of accrual of a cause of action for damages from construction of a State-aid road project. In this connection, *Code* § 95-1712 provides that "The State Highway Department shall not be liable under existing laws for damages accruing on such additional State-aid roads taken into the system under this law, until construction thereon has been begun under the direction of the State Highway Board

and such additional State-aid roads opened to traffic by the said Board."

This review is occasioned by grant of certiorari from the decision of the Court of Appeals affirming the trial court's denial of a defendant's motion for judgment notwithstanding the verdict in favor of a property owner for damages claimed from such road construction. The action was by Mrs. J. H. Sibert against Richmond County, Georgia, in the Superior Court of that county, and it arose over a road project adjacent to her property in the City of Augusta.

Certiorari was granted because of two rulings of the Court of Appeals. The first was that the question of any alleged prematurity of the action was not involved since that question was not raised by special demurrer or special plea. The second was that, even if that question was involved, the evidence was sufficient to show completion and opening of the road by the State Highway Board prior to filing of the action, as required by *Code* § 95-1712, supra.

1. Under our view of the case it is necessary to consider only the second question.

The dates here are decisive. Suit was filed on April 28, 1959. The plaintiff alleged that completion and opening to traffic of the project had already occurred on March 31st of that year, hence the action had accrued. The defendant, in its answer relied upon at the trial, contended that completion and opening to traffic took place on June 24th, after suit had been filed, hence the action was premature under *Code* § 95-1712, supra.

Our conclusion is that the evidence as to date of completion and opening of the road to traffic made an issue for the jury, and thus required denial of the motions for directed verdict and for judgment notwithstanding the verdict. The evidence requiring jury consideration has for its bases (1) an admission in the defendant's previous answer specifying the date of such completion and opening to traffic and (2) the testimony of State Highway Department personnel regarding the facts of this completion and opening. We now give attention to them in that sequence.

(a) The pleadings relating to the admission follow.

Plaintiff amended her petition several times, and as finally redrafted, paragraph 8 alleged: "That said street was closed and blocked as aforesaid by the State Highway Department of Georgia on approximately October 25, 1957, and that said highway was completed and opened to the public for travel on March 31, 1959; although said bridge had not been constructed as of that date, and in this connection the plaintiff shows that the aforesaid through highway was completed and opened to the public for travel on March 31, 1959, in that the public was allowed to travel from the beginning of said highway, at Fifth and Calhoun Street in Augusta, Richmond County, Georgia, northwards across downtown Augusta, crossing among other streets, Walker Street to Reynolds Street, which Reynolds Street runs in an east and west direction several blocks to the north of Walker Street, as the said bridge was not completed prior to the filing of this law suit and this amendment, there is a turnoff or exit for automobiles to descend from said through highway down to said Reynolds Street; and in this connection the plaintiff shows that Reynolds Street runs parallel to the Savannah River, east and west, and that there are no other streets in the City of Augusta lying between said Reynolds Street and the said Savannah River."

Defendant responded to that paragraph as follows: "Answering paragraph 8, defendant admits the date of the construction of the embankment and the date of the opening of the highway to travel. For want of sufficient information, defendant can neither admit nor deny the remainder of said paragraph but demands strict proof of the same."

Subsequently, the defendant amended its answer by striking the foregoing response and substituting one which recited the crucial date as June 24, 1959, and thereafter relied upon it.

Upon the trial, the plaintiff introduced in evidence the defendant's previous answer to paragraph 8 of her petition, as above set forth: "Answering paragraph 8, defendant admits the date of the construction of the embankment and the date of the opening of the highway for traffic [to travel?]."

No explanation for the inconsistency of the defendant's responses appears in the evidence. However, in view of the fre-

quency of amendments to the plaintiff's petition, this feature is understandable. In its brief, defendant's counsel is quite forthright as to its occurrence.

As to the consequences of this admission, its withdrawal and introduction in evidence, initial reference is the Code. Section 38-403 provides that "The admission by a party to the record shall be admissible in evidence when offered by the other side. . ."

The rule in such situations is: "Until stricken, this [admission in pleadings] was a solemn and binding admission in judicio [citations]. But after withdrawal, as in this case, defendant undeniably had the right to use it as evidence [citing *Code* § 38-403 and decisions of this court]." *Stallings v. Britt,* 204 Ga. 250, 254 (49 SE2d 517). Also, the rule is stated to be: ". . . while he may withdraw them formally from the pleadings, he can not by a mere withdrawal avoid the effect of the admissions made." *Cooley v. Abbey,* 111 Ga. 439, 443 (36 SE 786).

Thus, the admission so placed in evidence is not conclusive against the party making it so as to demand a verdict against him regardless of other evidence. Yet that admission is some evidence, in and of itself, to take to the jury the question of whether it or contrary evidence is true. See in this connection, *Smith v. Smith,* 136 Ga. 197 (71 SE 158). The effect of extrajudicial admissions subsequently disavowed is the same. *Burk v. Hill,* 119 Ga. 38 (45 SE 732) ; *Wootten v. Braswell,* 48 Ga. App. 312 (172 SE 679).

We find that the admission in the instant case alone constituted evidence for the jury to determine whether the date recited in it, or the later date which the defendant subsequently relied upon, was the correct one.

(b) Consideration will now be given to the testimony of the State Highway Department personnel.

First we take up their testimony as to completion of this project.

That relied upon by the defendant was, basically, that the contract items for this project were not completed until June 24, 1959, and that official final acceptance, pursuant to an official inspection, from the contractor by the State Highway Department

and Bureau of Public Roads, was not made until even later, July 21, 1959.

On the other hand, the plaintiff stressed evidence that this project was completed, as far as automobiles and trucks were concerned as much as it ever would be, on March 31, 1959, because those vehicles could then go anywhere on it; that the 500 to 600 feet north of Broad Street was blocked or barricaded off only as a safety measure because the bridge over the Savannah River was not completed; that whatever happened after March 31, 1959, in connection with the acceptance of and payment for the project did not affect the public in any way; and that acceptance and payment almost always occurs later than actual opening to traffic.

Next, we refer to testimony as to opening the project to traffic by the Board.

That relied upon by the defendant was, in substance, as follows: that on March 31, 1959, some 500 to 600 feet of the project was not opened for use because the bridge was not completed; that southbound traffic entered at Broad Street over access B ramp and northbound traffic left at ramp A just north of Broad Street; and that barricades were placed some 500 to 600 feet from the north end of the project to prevent cars from running into the river.

The testimony upon which the plaintiff relied as to opening to traffic was, essentially, as follows: that George Carter, Sr., the Senior Resident Highway Engineer, was required by the State Highway Department to keep a diary in order "to refer back in case anything happens"; that the March 31, 1959, diary entry of Carter, made in the regular course of business, recited ". . . opened up [this project] to traffic at noon today. Southbound traffic will have to leave proj. at down ramp 'A' until river bridge is complete . . ."; that the bridge was not a part of this project; that automobiles could go in complete safety over the entire area of the project which was many city blocks in length (the record before us not showing the exact length of the project); that on March 31, 1959, every part of this highway was open and ready for use by vehicles except some 500 to 600 feet north of Broad Street and adjacent to an uncompleted

bridge, which was blocked off to keep traffic from trying to go over a bridge which was not there; that the public was using the road before the project and contract was accepted, all except the 500 to 600 feet above mentioned; that as to the State Highway Department of Georgia's acceptance of this project helping the public in any way in the use of that road, the traffic was on the road before the contractors were paid; and that the witness Carter (above referred to), as Senior Resident Highway Engineer, had the right to open a section of a project when he felt that it was ready for use, and his diary would show the actual date that the road was opened.

Before evaluating the foregoing evidence consideration must be given to decisions of this court dealing with *Code* § 95-1712, supra.

In *Waters v. DeKalb County,* 208 Ga. 741 (2a) (69 SE2d 274), it was ruled that "A cause of action for injury and damage to private property resulting from the construction of a road or highway by the State Highway Department accrues upon the *completion* of the project and its *opening* to traffic by the Board. *Code* § 95-1712; *Felton v. Macon County,* 43 Ga. App. 651, 654 (159 SE 730)." (Emphasis ours). It then held that the petition's allegations that "the construction" of the road there was completed, that it was opened to traffic on November 23, 1949, and that the suit was filed on June 20, 1950, met the requirements of *Code* § 23-1602 as to presentation of claims against counties within twelve months after they accrue or become payable. The *Waters* holding is particularly important here because it makes *construction* the test for the "completion" required for compliance with *Code* § 95-1712. The record in that case shows that the petition's allegations on this phase were only facts relating to the construction work on the road, none as to final administrative handling of the contract by the State Highway Department. Furthermore, as to the requirement relating to "opening to traffic by the Board," the petition alleged only that "said highway was opened to the public for use" on the named date, no specific action by the State Highway Board being alleged.

In *State Highway Dept. v. McClain,* 216 Ga. 1 (114 SE2d 125),

the action was by the Highway Department for declaratory judgment as to its rights, status and obligation with reference to several suits pending against Dougherty County and for injunctive relief pending such declaration. The pleadings (no evidence was introduced by any of the parties at the hearing) showed a complete lack of compliance with *Code* § 95-1712's requirement of completion and opening to traffic, the property owners having averred that construction of the project had been completely abandoned. In applying the rule, the court made no statement as to what constitutes compliance with those two requirements.

In *Dougherty County v. Edge*, 216 Ga. 100 (114 SE2d 862), and its companion case, *Dougherty County v. Pylant*, 216 Ga. 102 (114 SE2d 861), there was likewise no compliance as to completion and opening under *Code* § 95-1712. This court held that under the facts of the claims there involved, "the provision in that section that the Highway Department is not liable for such damages until the road has been formally opened for traffic controls."

Returning to the evidence in the case at bar, we deem it sufficient for jury consideration. It speaks for itself.

Therefore, we hold that the trial judge, who had before him the foregoing evidence as to the admission of the defendant and the testimony of the highway engineers, was correct in denying the defendant's motion for directed verdict. That evidence, with all reasonable deductions and inferences therefrom, construed in the light most favorable to the plaintiff, did not demand a finding that this State-aid road was not completed and opened to traffic by the Board on March 31, 1959, and therefore it did not require a verdict in favor of the defendant. Instead, that evidence created an issue of fact for the jury. *Code Ann.* § 110-114. Accordingly, the trial judge properly denied the defendant's later motion for judgment notwithstanding the verdict. *Code Ann.* § 110-113.

2. Having held that the judgment of the Court of Appeals was correct for the reason stated in Division 1, it is not necessary to decide the other question, whether the Court of Appeals was correct for the additional reason that the defendant could not

raise the issue of prematurity in the absence of special demurrer or plea.

The judgment of the Court of Appeals is

*Affirmed. All the Justices concur; except Duckworth, C. J., and Candler, J., who dissent.*

CANDLER, Justice, dissenting. I do not agree with the majority ruling in this case because I am of the opinion that the plaintiff's petition and the evidence show without dispute that the State-aid road here involved had not been completed and opened to travel when the cause declared on occurred. Completion of such a road and formally opening it to travel is a condition precedent to the right to bring and maintain an action resulting from an injury sustained thereon and both must be alleged and proved before there can be a recovery of damages resulting therefrom. See *Code* § 95-1712; *Dougherty County v. Edge,* 216 Ga. 100 (114 SE2d 862), and the several cases there cited which are controlling authority for the ruling made in that case.

I am authorized to state that Mr. Chief Justice Duckworth concurs in this dissent.