50202. BUFFALO CAB COMPANY, INC. v. GURLEY et al.

DEEN, Presiding Judge.

Mrs. Gurley's hand was injured in a collision between an automobile driven by her son and the defendant's taxi, driven by defendant Dozier. Mrs. Dozier, backing out of the lot used by the taxi company, collided

with the left rear of the Gurley vehicle which was moving forward in the farther lane of traffic. The defendant contended that plaintiff's vehicle attempted to pass on the right as she was straightening out and entering this lane; plaintiff contends the taxi backed into the Gurley car as it was proceeding forward in its own lane of travel. The jury returned a verdict against the appellant. *Held:*

1. Three of the four enumerations of error deal with answers deleted on objection from a deposition given by the plaintiff's physician. All of these answers referred to a possible alternate diagnosis based on a pathology report made by an undesignated person other than the deponent, and which was not offered in evidence. Testimony which depends on a laboratory report is inadmissible unless the report is admissible as a business record or the facts relied on therein are otherwise proved. *Douglas v. American Cas. Co.,* 106 Ga. App. 744, 747 (128 SE2d 364). "Opinion testimony based merely upon records and case history furnished the witness by other doctors and not a part of the evidence in the case is objectionable." *Zurich Ins. Co. v. Zerfass,* 106 Ga. App. 714, 719 (128 SE2d 75). It was not error to rule out the material objected to by the plaintiff.

2. The remaining enumeration of error contends that the trial court erred in denying the defendant's motion for directed verdict. Although the cab driver testified that she had ceased work for the day and was on her way home, with members of her family in the car, it is also true that she was driving the taxi out from the defendant's lot, where she had gone to transact business, at the time of the collision. Further, the defendant's original answer (later stricken by amendment) admitted that *at the time and place of the collision* the defendant owned the vehicle and *it was being operated* as a taxicab, and that Mrs. Dozier was at that time an agent and employee of the defendant and acting within the scope of her employment. These admissions were introduced in evidence. Such an admission, introduced in evidence "is some evidence, in and of itself, to take to the jury the question of whether it or contrary evidence is true." *Richmond County v. Sibert,* 218 Ga. 209, 212 (126 SE2d 761). To the same effect see *O'Connor v. Bradford,* 94 Ga. App. 852, 860 (96 SE2d 511). The stricken admissions

together with the facts proved presented a jury issue, and it was not error to deny the motion for a directed verdict.

*Judgment affirmed. Evans and Stolz, JJ., concur.*

ARGUED FEBRUARY 10, 1975 — DECIDED MARCH 5, 1975.

*O'Brien, Smith & Reily, Michael J. Reily, Robert E. Reily, III,* for appellants.

*Carter, Ansley, Smith & McLendon, H. Sanders Carter, Jr.,* for appellees.