A90A2320. SHAW v. HUGHES.
(404 SE2d 309)

SOGNIER, Chief Judge.

Pennie Shaw brought suit against Joseph Hughes, her former husband, for equitable partition of real estate. He filed a counterclaim for conversion of certain guns he had been awarded pursuant to their Florida divorce decree but which had not been turned over to him

The equitable partition claim was resolved, and the counterclaim was tried before a Tattnall County jury, which entered a verdict awarding Hughes possession of the guns or, in the alternative, damages of $6,437. Shaw appeals from the denial of her motion for new trial.

1. We cannot review appellant's enumerations addressing the denial of her motion for summary judgment because that ruling became moot when the court reviewed the evidence upon trial of the case. *Brown Realty Assoc. v. Thomas*, 193 Ga. App. 847 (1) (389 SE2d 505) (1989).

2. Appellant maintains the trial court erred by refusing to allow her proposed amendments to the pretrial order made 19 months after the pretrial order was entered. Once a pretrial order has been entered, it may be amended only by agreement of the parties or order of the court, *Gaul v. Kennedy*, 246 Ga. 290, 291 (1) (271 SE2d 196) (1980), and the decision whether to allow modification of a pretrial order is within the trial court's discretion. *Morgan v. State of Ga.*, 172 Ga. App. 375, 376 (323 SE2d 620) (1984). Since appellant does not indicate, nor does the record reflect that she was prevented from calling any witnesses listed in her proposed amendment or from advocating any legal or evidentiary theories espoused therein, she can show no harm resulting from the trial court's decision. To the extent that her brief challenges the trial court's refusal to allow *appellee's* proposed pretrial amendment, appellant has no standing to raise that issue. Accordingly, we find no error.

3. Appellant contends the trial court erred by allowing both her original answer and amended answer to be included in the exhibits sent to the jury room, and maintains that only the amended answer should have been sent to the jury. In her first answer, appellant admitted having possession of some of the guns described in the counterclaim and stated she was holding possession for and on behalf of appellee, whereas in her amended answer, she denied having withheld or converted any property belonging to appellant, and stated that the description in the counterclaim of the items alleged to have been converted was so vague that she could not make a further response.

" '[A]dmissions made in pleadings constitute a conclusive presumption of law, unless and until altered by amendment. Even though such admissions be so altered or withdrawn, they can still be used as evidence on the trial, but, in such event, not as solemn admissions in judicio so as to estop the party making them from denying them. [Cits.]' [Cit.]" *C & S Realty Investors v. L. G. Balfour Co.*, 152 Ga. App. 852, 853 (2) (264 SE2d 304) (1980). During her trial testimony, appellant explained that the first answer was amended to correct an error, and she also testified at length on the issue whether she had possession of any of the guns at issue. Under these circumstances, we find no error.

4. Appellant also enumerates as error the denial of her motions for directed verdict as to liability and damages.

(a) *Liability*: Construed to support the verdict, the testimony adduced at trial established that before and during his marriage to appellant, appellee acquired 12 guns, some of which were newly manufactured and some of which were collector's items. He testified that he purchased several of the guns, some were gifts from his father, and the remaining firearms were gifts from appellant or her father, Sam Brunson. Sometime after the parties moved to south Florida, appellee began storing his guns with Brunson at Brunson's South Carolina home because the humid Florida climate was not ideal for firearms. Appellee stated that on occasion appellant brought the guns from her father's home to Florida for appellee to fire and then took them back to South Carolina. He denied having given any of the guns to Brunson, and stated that the firearms were with Brunson only for safekeeping.

The decree issued upon the parties' divorce provided that appellee was to receive "the approximate 12 guns" he collected during the marriage. Appellee recalled that at the time he and appellant separated, some of the guns at issue were in their Florida home, although he was unable to specify which ones. However, once appellant moved her belongings out of the marital residence, appellee had none of the specified guns in his possession. Appellee testified that he made demands on appellant for return of the guns, but did not receive them. He stated that to the best of his knowledge the guns at issue were at Brunson's home. Appellant denied ever having been in possession of any of the guns at issue other than a .38 Smith & Wesson pistol, which she testified was a gift to her from Brunson.

"Conversion is the unauthorized assumption and exercise of the right of ownership over personal property belonging to another, hostile to his rights, an act of dominion over personal property inconsistent with his rights, or an unauthorized appropriation. [Cits.] Proof of conversion is essential if the defendant is not in possession when the action is brought. [Cit.]" *McGlamory v. Marcum*, 118 Ga. App. 516 (1) (164 SE2d 274) (1968). In her first answer, appellant admitted possession of "some or all of the [guns] listed" in appellee's counterclaim. Although she amended her answer to deny possession and conversion and also denied possession during her testimony at trial, the "admission [in her original answer] is some evidence, in and of itself, to take to the jury the question of whether it or contrary evidence is true" even though the admission was later disavowed. *Richmond County v. Sibert*, 218 Ga. 209, 212 (1) (a) (126 SE2d 761) (1962). We find the admission in appellant's answer alone constituted evidence sufficient to present a jury question on the issue of possession of the guns, and thus we affirm the denial of appellant's motion for directed

verdict. See id.

(b) *Damages*: Appellant's contention that the alternative damages award made by the jury was not supported by the evidence is similarly without merit. In a trover and conversion case, "[t]he value or market price of an article may be shown by direct or circumstantial evidence, or both, and the question of the value of an article is peculiarly for the jury. The jury may consider the nature of the property involved, together with any other fact or circumstance properly within their knowledge throwing light upon the question. [Cits.]" *Sapp v. Howe*, 79 Ga. App. 1, 2 (1) (52 SE2d 571) (1949). Each party presented the testimony of a firearms expert who testified concerning a range of value for the guns depending on their condition. In addition, appellee stated the purchase price he paid for the firearms he bought. This testimony supported the damage award made by the jury, and accordingly we find no error. See id.

5. Appellant next enumerates as error the trial court's refusal to give a charge on bad character as a method of impeachment. The record reveals that appellant presented the testimony of Charles Farrar, a priest of the Episcopal church appellant attended while she lived in Florida, who testified that his "opinion" of appellee's reputation for integrity and honesty was "bad." The court charged the jury that "[a] witness may be impeached by a) disproving the facts to which he testified, or she testified or b) by proof of contradictory statements previously made by the witness as to matters relevant to his or her testimony and to the case and by other methods not applicable in this case." Appellant objected to the omission of proof of bad character as a method of impeachment, but the trial court overruled the objection because the witness had merely expressed his personal opinion as to appellee's character rather than stating what appellee's reputation in the community was, and because appellant did not submit a written request to charge.

When testimony is offered to prove bad character, the witness should testify regarding his knowledge of the general character of the subject, and bad character cannot be proved by the personal opinion of the witness. See OCGA § 24-9-84; see also *Haynes v. Phillips*, 67 Ga. App. 574, 576-577 (21 SE2d 261) (1942). Accordingly, the trial court correctly concluded that a charge on impeachment by proof of bad character was not warranted by the evidence adduced. Moreover, it is not error to deny an oral request to charge. *Verde v. Granary Enterprises*, 178 Ga. App. 773, 774 (4) (345 SE2d 56) (1986). This enumeration is without merit.

6. In her final enumeration, appellant maintains the verdict was illegal because the alternative damages award was not supported by the evidence and the verdict did not indicate with the requisite degree of specificity which firearms appellant was being directed to re-

turn. " '[A]fter rendition of a verdict, all of the evidence and every presumption and inference arising therefrom, must be construed most favorably towards upholding the verdict.' [Cit.]" *Gilman Paper Co. v. James*, 235 Ga. 348, 350 (219 SE2d 447) (1975). We have rejected appellant's contention concerning the damages portion of the verdict in Division 4 (b), supra. To the extent that the verdict, taken alone, does not clearly indicate what guns are to be returned to appellee, when the verdict is construed with the evidence adduced at trial, the reasonable intendment of the jury is clear. See generally *Lingerfelt v. Hufstetler*, 137 Ga. App. 723, 724 (224 SE2d 827) (1976).

*Judgment affirmed. McMurray, P. J., and Carley, J., concur.*

DECIDED MARCH 5, 1991 —
REHEARING DENIED MARCH 21, 1991 —

*Stephen H. Harris*, for appellant.
*B. Daniel Dubberly III*, for appellee.