for appellee.

A92A0692. CRA TRANSPORTATION, INC. et al. v. ROLLS ROYCE MOTORS, INC. et al.
(420 SE2d 757)

Pope, Judge.

Plaintiffs/appellants CRA Transportation, Inc. and Alfred R. Chouinard II brought suit against defendants/appellees Rolls Royce Motors, Inc. and Mitchell Motors, Inc. alleging, inter alia, that defendants misrepresented the condition of a Rolls Royce automobile plaintiffs purchased from defendants. The case proceeded to trial before a jury; however, following the close of plaintiffs' case in chief, the trial court directed a verdict against plaintiffs and in favor of defendants on the basis that plaintiffs failed to offer evidence concerning the proper measure of damages.

Plaintiffs timely filed their notice of appeal in the State Court of DeKalb County on June 18, 1991. On June 28, 1991 the clerk of that court who prepares the records for transmission to the appellate courts sent plaintiffs' attorney a letter stating the costs for preparing the appeal record. The letter was sent certified mail and was received by plaintiffs' attorney on July 2, 1991. Plaintiffs failed to pay costs and on August 20, 1991 defendant Rolls Royce Motor Cars, Inc. filed a motion to dismiss the appeal. Costs were paid on August 21, 1991. Following a hearing, the trial court entered an order on September 23, 1991 dismissing the appeal on the basis that there had been an unreasonable and inexcusable delay in the transmission of the record to this court which was caused by plaintiffs' failure to pay costs. Plaintiffs filed a notice of appeal from the order dismissing their original appeal on October 21, 1991. *Held*:

1. Plaintiffs first argue that the trial court erred in dismissing their appeal because the clerk had not prepared the record for forwarding to this court at the time the letter requesting appeal costs was received by plaintiffs. Plaintiffs posit they are not required to pay "advance" or "estimated" costs, and are only required to pay costs that are actually incurred. We find no merit to this argument. OCGA § 5-6-48 (c) requires only "notice, mailed by registered or certified mail, of the amount of costs." There is no requirement that the state court clerk first photocopy the record and then send the notice of costs. The state court appeals clerk testified at the hearing on the motion to dismiss that costs are determined by multiplying the number of pages to be photocopied by the cost per page and then adding a small fee ($5.50) for recording and certifying the record. An additional $5 fee is also added to the costs in those cases in which a tran-

script is to be sent with the record. Thus, the notice received by plaintiffs in this case contained calculated, not "estimated" costs. The clerk also testified that, although she had not photocopied the record at the time the notice was mailed, once the costs were paid and the transcript filed the record could be photocopied and then forwarded to the appellate court the next day.

Relying on OCGA § 5-6-43 (a), plaintiffs also argue that the duty of the clerk to prepare the record on appeal is mandatory, and does not depend upon any further action by the appellant. However, notwithstanding the obligation of the clerk to prepare the record, the obligation of the appellant is to pay costs for preparing the record on appeal or to file an affidavit of indigency. See *Long v. City of Midway*, 251 Ga. 364 (306 SE2d 639) (1983). The clerk in this case testified that it was the policy of the DeKalb County State Court to request payment of costs prior to photocopying the record because the court had lost "a couple of thousand dollars" when appellants failed to pay costs after the record was photocopied. We find nothing unduly burdensome, unreasonable or unfair about this policy and have uncovered no authority which would prohibit such a practice.[1] This enumeration, therefore, is without merit.

2. Relying on OCGA § 9-15-11 plaintiffs also argue appeal costs must be itemized. However, that section, entitled "Inclusion of costs in judgment; itemization and endorsement on execution" clearly applies to costs to be assessed against a party upon entry of judgment and is inapposite to the facts of the present case. As stated in Division 1, OCGA § 5-6-48 (c) requires only that "notice" of the amount of costs be mailed to the appellant. There is no requirement under the Appellate Practice Act that appeal costs be itemized. Considering the simple nature of the costs involved (photocopying charges plus other small incidental fees), it would serve no discernible purpose to require that these costs be itemized. Plaintiffs here clearly received "notice" of the "amount of costs" as provided by statute. We find no error requiring reversal of the trial court's order dismissing the appeal in this case.

3. Plaintiffs also argue that the trial court erred in dismissing the appeal against defendant Mitchell Motors because it did not file a separate motion to dismiss until the day the order dismissing the appeal was entered. OCGA § 5-6-48 (c) provides that the trial court may, after notice and an opportunity for hearing, dismiss an appeal under the circumstances described in that section. The trial court's

---

[1] Plaintiffs cite OCGA § 9-15-4 and Uniform State Court Rule 36.10 for the proposition that the only costs that can be demanded in advance are filing fees. Suffice it to say that that code section and state court rule, clearly pertaining only to the filing of complaints or petitions, provide no authority for the argument urged by plaintiffs in this case.

authority to dismiss the appeal does not appear to be dependent upon the filing of a motion to dismiss by each appellee. Moreover, the record reveals that Mitchell Motors did file such a motion, although not until the day the order dismissing the case was entered. Under the circumstances here, we find no merit to the argument that the appeal against Mitchell Motors should be reinstated.

4. Inasmuch as the trial court did not err in dismissing the appeal in this case, it is unnecessary for us to consider the remaining enumerations of error.

*Judgment affirmed. Carley, P. J., and Johnson J., concur.*

DECIDED JUNE 8, 1992 —
RECONSIDERATION DENIED JULY 7, 1992 — 

*Glenville Haldi,* for appellants.
*Scoggins, Ivy & Goodman, Luke A. Kill, Schwall & Ruff, Emory A. Schwall,* for appellees.