A93A0803. REWIS v. SHAW.
(432 SE2d 617)

BEASLEY, Presiding Judge.

This is a continuation of *Shaw v. Hughes,* 199 Ga. App. 212 (404 SE2d 309) (1991), and *Hughes v. Hughes,* 193 Ga. App. 72 (387 SE2d 29) (1989).

Pennie Shaw, formerly Hughes, sued her former husband, who filed a counterclaim. *Hughes v. Hughes* held that the trial court erred in dismissing the counterclaim. On the trial of the counterclaim, the former husband, Hughes, was awarded the judgment.

Shaw filed a notice of appeal, requesting that nothing be omitted from the record which, excluding the transcript, totaled 600 pages.

The clerk made one copy of the record to be sent to this court, as well as a duplicate copy to be retained by the clerk as required by OCGA § 5-6-41 (e). Based on her interpretation of OCGA § 15-6-77 (g) (12), the clerk billed Shaw an $1,800 charge for making two copies of the 600-page record at a cost of $1.50 per page. Shaw paid these court costs under protest.

*Shaw v. Hughes* affirmed the judgment. Following entry of the remittitur, Shaw filed a motion for reimbursement of court costs paid under protest, arguing that under OCGA § 15-6-77 (g) (12) the clerk should have only charged $900 for preparing the record to be sent to this court and was not authorized to charge the additional $900 for preparing the copy of the record to be retained by the clerk. The superior court agreed and granted her motion. The clerk, who is not a party, seeks to appeal through the former husband, who is a party. The clerk is the real party in interest; she is substituted as such, and Shaw's current name is substituted for the former name.

OCGA § 5-6-43 (a) provides, "it shall be the duty of the clerk of the trial court to prepare a complete copy of the entire record of the case, omitting only those things designated for omission by the appellant and which were not designated for inclusion by the appellee, . . . and transmit the same, together with the transcript of evidence and proceedings, to the appellate court. . . . The clerk need not recopy the transcript of evidence and proceedings to be sent up on appeal but shall send up the reporter's original and retain the copy, as referred to in Code Section 5-6-41; and it shall not be necessary that the transcript be renumbered as a part of the record on appeal. The clerk shall retain an exact duplicate copy of all records and the transcript sent up, with the same pagination, in his office as a permanent record."

"One of the purposes of this requirement is to afford local counsel in the county where the case was tried convenient access to the exact duplicate copy of the record [sent on appeal] so as to enable [counsel] to easily ascertain the proper references to be included in his brief and written argument to this court." *Law v. Smith,* 226 Ga. 298, 300 (174 SE2d 893) (1970). The same applies to this court. Although this could be achieved more efficiently and less costly by simply retaining the original in the clerk's office until the time for briefs (plus any extensions) has expired and then sending the original to the appellate court, to be returned after the conclusion of proceedings there, the law in OCGA § 5-6-43 prescribes otherwise.

OCGA § 15-6-77 (g) (12) authorizes the clerk to charge $1.50 per page for "[p]reparation of record and transcript to the Supreme Court and Court of Appeals." See *CRA Transp. v. Rolls Royce Motors,* 204 Ga. App. 825 (1) (420 SE2d 757) (1992). It does not say per page of the copies; it refers to page of the record (and transcript, if

that must be copied). It also provides, "[W]here a transcript of the evidence and proceedings is filed with the clerk and does not require recopying, the clerk shall not receive the fee herein prescribed with respect to such transcript but shall receive, for filing . . . of such transcript, a fee of . . . $5.00." The clerk is not ordinarily required to make a copy of the transcript, since OCGA § 5-6-41 (e) obligates the court reporter to file an original and a copy.

Under OCGA § 5-6-43 (a), it is the clerk's duty to make two copies of those portions of the record (not including the transcript) designated for inclusion on appeal, these being the copy to be sent to the appellate court and the copy to be retained as a permanent record. Since the record in this case comprised 600 pages, the clerk was entitled to a fee of $900 under OCGA § 15-6-77 (g) (12). See OCGA §§ 15-6-60 (2); 15-6-87 (b), (d).

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED JUNE 8, 1993.

*Dubberly & McGovern, Joseph D. McGovern,* for appellant.
*Stephen H. Harris,* for appellee.